TONY GROSKY, PROSECUTOR, v. JAMES F. McGOVERN, Jr., TEMPORARY MAGISTRATE, ETC., DEFENDANT.

Submitted May 1, 1945—Decided September 27, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Michael A. Szudkowski* and *Solomon & Miller*.

For the defendant, *Daniel T. O'Regan* and *Thomas J. Armstrong*.

The opinion of the court was delivered by

DONGES, J. This *certiorari* brings up for review the conviction of prosecutor for operating a motor vehicle upon a public street in Hudson County while under the influence of intoxicating liquor, in violation of *R. S.* 39 :4–50.

In lieu of depositions, an agreed state of facts was submitted, which, in part, is as follows:

"The prosecutor, Tony Grosky, resides at 174 County Avenue, Secaucus, New Jersey, where he maintains a pig farm.

"On March 20th, 1945, at about nine P. M., said Tony Grosky was driving an automobile on a public highway known as County Avenue, Secaucus, New Jersey, when he struck a parked automobile owned by one Edward J. Gunther, a friend of said Tony Grosky. That he alighted to inspect the damage done to said automobile, and the owner was not then in the automobile.

"That the said Edward J. Gunther pursued Tony Grosky for about three-fourths of a mile, and took him to Patrolman Sarcander of the Hudson County Police Department, and told said patrolman that he wanted Tony Grosky examined for drunken driving. Said Tony Grosky, together with Patrolman Herman Sarcander and Edward J. Gunther went to the Hudson County Police Headquarters at Newark Turnpike, Kearny, New Jersey. The officer there in charge directed that Tony Grosky be examined by Doctor William Doody, 19 Bentley Ave., Jersey City, N. J., to determine whether said Tony Grosky was under the influence of intoxicating liquor and unfit to operate a motor vehicle. The examination by said doctor was made at about nine twenty P. M., on March 20th, 1945.

"Immediately after the examination by the doctor, said Tony Grosky was returned to the Headquarters of the Hudson County Police Department at Newark Turnpike, Kearny, New Jersey, and there incarcerated in jail.

"No complaint had then been made against him or had any warrant issued for his arrest, nor did any of the police officers advise him on which charge he was being held or was he advised he was entitled to bail or to contact his counsel."

The agreed state of facts then sets up that the defendant was appointed clerk of the Hudson County Traffic Court on June 23d, 1943, and at the same time was appointed acting judge of said court by the judge thereof, "to serve in his place and stead on such times as he was unavailable," and that the court holds regular sessions on Tuesdays and Thursdays, at 8 P. M. at room, Part I, in the Hudson County Court House.

The agreed state of facts further sets forth:

"On March 21, 1945, at about eleven A. M., said James F. McGovern, Jr., was summoned by William Diercks, a patrolman of the Hudson County Police Department to conduct a hearing at the record room of the Hudson County Police Department, Newark Turnpike, Kearny, New Jersey.

"At that time and place, said James F. McGovern, Jr., was advised by Patrolman Diercks of the accident involving the motor vehicles of Tony Grosky and Edward J. Gunther,

and that as a result thereof said Tony Grosky was examined
by Doctor William Doody and pronounced unfit to operate
a motor vehicle by reason of being under the influence of
intoxicating liquor, and that the said Edward J. Gunther
desired to prosecute a complaint against the said Tony
Grosky."

The state of facts then says that the respondent entertained
a complaint signed by Gunther, charging the prosecutor with
operating a motor vehicle in violation of *R. S.* 39:4–50, and
that respondent thereupon issued a warrant and called a
special session of the court; that respondent read the com-
plaint signed by Gunther to the prosecutor and asked him if
he was guilty or not guilty as charged; that respondent asked
prosecutor "if he understood he was pleading guilty first to
the operating of the motor vehicle, and secondly that he was
under the influence of intoxicating liquor while operating
said motor vehicle, and he replied, 'yes;'" that the plea of
guilty was accepted and a fine of $200 plus $10 doctor's fee
was imposed, or a sentence of thirty days. "That at the
hearing of the matter, neither Dr. William Doody, who had
examined the prosecutor, Tony Grosky, nor Patrolman Her-
man Sarcander who arrested him attended the hearing."

Prosecutor sets up fifteen reasons for reversal, which are
argued under six headings:

1. The complaint was a nullity, therefore the conviction
is illegal.

2. The proceedings are *coram non judice* and void.

3. The hearing was held at an unauthorized place and was
void.

4. The arrest and detention of prosecutor was illegal and
an unlawful restraint of his liberty.

5. The warrant issued was not supported by proper com-
plaint.

6. Prosecutor was denied due process of law.

*R. S.* 39:5–3 provides:

"A complaint, in writing and duly verified having been
made to a magistrate, that a person has violated a provision
of this subtitle. the magistrate may, within thirty days after
the commission of the offense, issue either a summons or war-

rant directed to a constable, police officer, an inspector of motor vehicles or the commissioner for the appearance or arrest of the person so charged."

In the instant case, the complaint is in the following form: "County of Hudson, State of New Jersey, ss:

"Patrolman Herman Sarcander, Hudson Co. Police, on information and belief, on complaint of Edward Gunther— 903 New York Ave., Union City, N. J., being duly sworn complains that on the 20th day of March, A. D., one thousand nine hundred and forty-five, at 9:10 P. M. upon County Ave., a public highway of said Hudson County and, Secaucus, N. J., aforesaid."

It then sets out that Tony Grosky violated title 39, chapter 4, section 50, Revised Statutes, in that, "the said defendant did drive and operate a motor vehicle being then and there under the influence of intoxicating liquor.

"Wherefore, this complainant prays that the said offender may be dealt with according to law.

(Sgd.) ED. GUNTHER,
Complainant.

Subscribed and sworn to before
me this 21st day of March, 1945.
(Sgd.) JAMES F. McGOVERN, JR.,
A Judge, Hudson County Traffic Court."

Thereupon a warrant was issued, which recites: "Whereas, Patrolman Herman Sarcander, Hud. Co. Police, on information furnished by Edward Gunther of 903 New York Ave., Union City, N. J., has this day made complaint upon oath before the Hudson County Traffic Court," and then sets out an alleged violation of the statute as above stated, and authorizes and commands the apprehension of defendant and that he be brought before the court to answer the complaint.

In addition to R. S. 39:5–3, above quoted, R. S. 39:5–25 provides:

"Any constable, police officer, peace officer, motor vehicle inspector or the commissioner may, without a warrant, arrest any person * * * violating in his presence any provision of Chapter 4 of this title * * *. If the arrest is for a violation of section 39:4–50 of this title, the arresting officer

may, if no magistrate, clerk or deputy clerk is available, detain the person * * * for such reasonable time as will permit the arresting officer to obtain a warrant for the offender's further detention."

39:5–26 provides that:

"In a prosecution instituted under this subtitle the complaint filed therein, if made by a constable, police officer, motor vehicle inspector or the commissioner, will be considered duly verified if made under his oath or affirmation, which oath or affirmation may be made by the official upon information and belief."

In the instant case, the complaint does not comply with either provision of the statute for a duly verified complaint. The arrest apparently was made by Patrolman Sarcander on complaint of Gunther. But, although the complaint so states, Sarcander did not swear to it, so that the provisions of 39:5–25 and 39:5–26 do not apply. Nor does it conform to 39:5–3 because it does not state that Gunther "being duly sworn" avers that the prosecutor herein, in his presence and within his knowledge, violated the statute. It states that Sarcander "on information and belief, on complaint of Gunther, * * * being duly sworn complains" of such violation. Also, it would appear that the warrant was issued on the duly verified complaint of Sarcander, and none such appears in the record. It is obvious, therefore, that there was no duly verified complaint upon which a warrant could issue, and that the court was without jurisdiction over the subject-matter. The statute clearly requires a complaint duly verified by a person who has knowledge of the alleged offense, or by one of the designated officers *upon information and belief*. Neither requirement was complied with. Nor was a warrant issued upon proper complaint. The court, therefore, never acquired jurisdiction over the subject-matter and the conviction is without legal support and must be set aside.

Nor did the appearance of prosecutor confer jurisdiction over the subject-matter. As stated in *State* v. *Rosenblum,* 102 *N. J. L.* 125, "We, of course, concur in the view that, when it appears upon the face of the complaint that the magistrate has no jurisdiction over *the subject matter* com-

plained of, a conviction had upon that complaint, either in the magistrate's court or in the Common Pleas, is a nullity."

This disposition of the matter renders it unnecessary to determine the other questions raised.

The conviction under review is set aside.

HEHER, J. (Dissenting.) I have the view that the court below had jurisdiction both of the subject-matter and of the person.

The subject-matter is the asserted offense of driving a motor vehicle while under the influence of intoxicating liquor. *R. S.* 39:4–50. *Vide, State* v. *Baker,* 102 *N. J. L.* 349; *Kluczek* v. *State,* 115 *Id.* 105. The county traffic magistrates are invested with jurisdiction of such offenses. *R. S.* 2:229–1, *et seq.,* 39:1–1, 39:5–3. Jurisdiction over the person is acquired by the making of a verified complaint, followed by the service of a summons or warrant. *R. S.* 39:5–3, 39:5–25, 39:5–26. But the defendant may submit himself to the jurisdiction of a magistrate empowered to entertain such complaints; and, where this course is pursued, the defendant cannot thereafter raise the question of jurisdiction over his person. A court having jurisdiction of such offenses may obtain jurisdiction over the defendant by his consent. Legal formalities attending the acquirement of jurisdiction of the person may be waived. *State* v. *Baker, supra.* And even where the existence of jurisdiction over the person is challenged *in limine,* and the challenge is overruled, the participation by the defendant in a subsequent trial on the merits constitutes a submission of his person to the jurisdiction of the magistrate, and he is thereafter precluded from denying the existence of that jurisdiction. *State* v. *Rosenblum,* 102 *Id.* 125. And *R. S.* 39:5–10 provides: "An objection to the jurisdiction of the magistrate or to the validity or regularity of the complaint or process issued thereunder must be made by the defendant before trial." This manifestly has reference to jurisdiction of the person, for the judgment of a tribunal without jurisdiction of the subject-matter is a nullity.

Here, the complaint plainly charged a violation of the act in question; and defendant entered a plea of guilty to the

complaint. The fact that the complaint was unverified did not serve to deprive the magistrate of jurisdiction of the subject-matter. A verification of the complaint is but a prerequisite to the issuance of a summons or warrant, and thus to acquire jurisdiction over the person. The significance of the procedural provisions is to be found in *section* 39:5–10. The contrary interpretation exalts technical and literal strictness to the sacrifice of essential justice.