STATE OF NEW JERSEY, RESPONDENT, v. FRANK FILON, PROSECUTOR.

Argued February 16, 1946—Decided March 14, 1946.

For the respondent, *Thomas P. Nolan*.

For the prosecutor, *George J. Kaplan*.

BROGAN, CHIEF JUSTICE. The prosecutor was convicted in the Recorder's Court of Union City, Hudson County, New Jersey, of operating a motor vehicle while under the influence of intoxicating liquor (*R. S.* 39:4–50). The matter is before me on his application for a summary review of the legality of the conviction (*R. S.* 39:5–23). No evidence by way of defense was offered by the defendant in the court below. Nor did he take the witness stand to dispute the complainant's proof on the merits of the charge.

It is, however, argued that the recorder did not acquire jurisdiction over the subject-matter here involved because of a defect in the complaint. Reliance is placed on *Grosky* v. *McGovern*, 133 *N. J. L.* 277. That case does not help the applicant. The complaint in the instant case was made and verified by Sam Cohen, a truck driver, with whose vehicle Filon, who was also driving a truck, collided. He charged Filon with having violated the statute, *R. S.* 39:4–50, and prayed that Filon be dealt with according to law. In the Grosky case the complaint was signed but not verified by one

Gunther. The complaint states that police officer Sarcander makes the charge on information and belief "on the complaint of Edward Gunther." The complaint was not verified by officer Sarcander. In this situation the court held that such complaint—patently incongruous—failed to meet the requirements of the pertinent statute, *R. S.* 39:5–3, or 39:5–25. With regard to the complaint in the instant case, I entertain no doubt about its validity. It conforms to the requirements of the statute, *R. S.* 39:5–3.

It is next said that there was want of jurisdiction because a warrant was not served on the defendant. The defendant was arrested at the time of the occurrence, ten minutes before four o'clock in the morning on November 16th, 1945. He was detained, in the absence of bail, until 10:00 A. M. on the same day. At that time a complaint was made and signed by Mr. Cohen. Counsel appeared for Filon and asked a postponement which was granted. Defendant was paroled in the custody of the probation officer until November 21st, when counsel asked for and obtained a further adjournment of one week, *i. e.*, until November 28th. Parole was continued.

On this state of facts counsel says there was no jurisdiction because a warrant was not served on defendant. The defendant was in custody; a warrant was unnecessary; how the defendant's rights were invaded because a warrant was not served is difficult to follow. Certainly the court had jurisdiction of the subject-matter. *R. S.* 39:1–1, *et seq.* The making and verification of the complaint invested the court with jurisdiction of the person. *R. S.* 39:5–3.

It is further said that it was illegal for the desk officer of the police department to fix bail. Conceding that this is so, yet it was not an invasion of the defendant's rights. The amount fixed was nominal, and the defendant was not able to get bail at that early hour in the morning. There is no merit in this or any other point advanced by the applicant.

The judgment is affirmed.