RUDOLPH TOMICICH, PROSECUTOR, v. THOMAS F. NORTON, JUDGE, ETC., DEFENDANT.

Submitted January 15, 1946—Decided September 4, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Max A. Boxer* and *George B. Kedersha*.

For the defendant, *Nicholas S. Schloeder*.

The opinion of the court was delivered by

DONGES, J. This is a writ of *certiorari* allowed to review the conviction of the prosecutor, Rudolph Tomicich, before the defendant, Thomas F. Norton, Recorder of the Township of North Bergen, for violation of *R. S.* 39:4–50 by driving a motor vehicle while under the influence of intoxicating liquor.

The facts briefly are that the automobile driven by the prosecutor was in collision with a bus driven by one John P. Luciano on August 22d, 1945, at about 7:15 P. M. Some discussion occurred between the drivers and, upon the arrival on the scene of a police officer, Luciano requested that prosecutor be subjected to a medical examination. This was done and the physician making the examination found prosecutor under the influence of liquor. Prosecutor was taken to the police station and held in custody until the afternoon of the next day, August 23d, when he was released upon $500 cash bail. On the evening of the 22d of August, Luciano completed his work and reported at the police station at about 9:30 o'clock and signed the complaint upon which a warrant was issued.

Trial was fixed for August 30th and defendant appeared represented by counsel. At that time there were in existence a complaint and a warrant, regular on their faces, and the prosecutor had been at liberty for a week on bail. Counsel for prosecutor announced to the court that he was making a special appearance for the purpose of challenging the jurisdiction of the court. He was given an opportunity to examine the complaint and warrant, and the trial then proceeded without the making of any motion by counsel for prosecutor addressed to the jurisdiction of the court. There was, up to

this time, according to the stenographic transcript, merely the statement by counsel that his appearance was special for the purpose of challenging jurisdiction, and the further statement that he did not propose to participate in the trial upon the merits.

Luciano testified to the events of the evening of the 22d of August and counsel for prosecutor subjected him to what he considered to be limited cross-examination "regarding the complaint and the signing of the complaint, which has nothing to do with the merits of the case." By this examination it was developed that at the time Luciano signed the complaint in the police station, the defendant judge was not present, and it is asserted that the judge signed the jurat to the complaint later that evening. Prosecutor's counsel participated no further in the examination of witnesses, but at the conclusion of the case made a motion for dismissal on the ground that, the complaint not having been signed in the presence of the judge, both it and the warrant issued on it were invalid and therefore there was a lack of jurisdiction over the subject-matter and over the person of the prosecutor.

In this court prosecutor makes no argument on the meritorious question of his guilt or innocence or the sufficiency of the evidence to justify the court's finding of guilt, but raises the jurisdictional questions, his contention resting upon the alleged infirmity arising from the fact developed on cross-examination of Luciano that the complaint was not signed in the presence of the judge.

In our view the record does not disclose a lack of jurisdiction over the subject-matter. At the time prosecutor was admitted to bail and at the time of the trial there was in existence a complaint which, on its face, was regular, being signed by Luciano and the jurat signed by the judge. The Recorder's Court had general jurisdiction over complaints for violation of the Motor Vehicle Act and its jurisdiction over the subject-matter of the particular case was sufficiently invoked by the existence of a complaint and warrant that appeared in all respects regular. The case is not within the ruling of *Grosky* v. *McGovern*, 133 *N. J. L.* 277, where the infirmity appeared upon the face of the complaint itself.

Any lack of jurisdiction over the person was, we think, clearly waived when an adjournment was given and when bail was given. *Greenhalgh* v. *McCabe,* 11 *N. J. Mis. R.* 87; *State* v. *Baker,* 102 *N. J. L.* 349. Furthermore, participation by counsel in the trial to the extent of cross-examination of a witness who had been produced upon the issue at trial, even though counsel tried to give it some sort of limited effect directed at the circumstances surrounding the making of the complaint, constituted a submission to jurisdiction over the person. A special appearance designed to challenge jurisdiction should be utilized at the inception of the trial to point out any defects then apparent in the proceeding, and may not go to the extent of participation in the examination of witnesses to develop a factual situation.

We conclude that the matters complained of by prosecutor do not affect the substance of the case but go rather to form, if anything, and that they are specious. *Townsley* v. *State,* 12 *N. J. Mis. R.* 747.

The judgment is affirmed, with costs.