STATE OF NEW JERSEY, PROSECUTOR, v. JOHN KELLER, DEFENDANT.

Argued August 13, 1948—Decided September 9, 1948.

638

For the prosecutor, *David R. Brone.*

For the defendant, *David Novack.*

BURLING, J.  John Keller was convicted of operating a motor vehicle while under the influence of intoxicating liquor and has petitioned for a review of the legality of his conviction pursuant to *R. S.* 39:5–23.

From the record of conviction, it appears that the appellant was arrested at 1:45 A. M., March 14th, 1948, by a police officer of the town of Hammonton in the County of Atlantic. He was examined by a physician who pronounced him intoxicated.  At approximately 2:00 o'clock in the afternoon of the same day, the appellant was brought before Warren N. Murphy, a justice of the peace in the Town of Hammonton. A complaint which charged defendant with operating a motor vehicle while under the influence of intoxicating liquor in violation of *R. S.* 39:4–50, on the White Horse Pike, a public highway at Hammonton, Atlantic County, New Jersey, at or about 1:45 A. M. of that date, was made against him to the magistrate and was signed and duly verified by Nicholas Cirillo, the officer who made the arrest.  Upon the complaint being read to the defendant, he pleaded guilty to the charge. No warrant was issued by the magistrate and the sole reason urged by the defendant that his conviction should be set aside is that the lack of such warrant renders the proceedings against him void for lack of jurisdiction.

The pertinent provision of *R. S.* 39:5–25, under which Keller was arrested and detained, reads as follows:

"* * *  If the arrest is for a violation of section 39:4–50 of this Title, the arresting officer, may, if no magistrate, clerk or deputy clerk is available, detain the person arrested either in any police station, lockup or other place maintained by any municipality for the detention of offenders or in the common jail of the county, for such reasonable time as will permit the arresting officer to obtain a warrant for the offender's further detention, which temporary detention shall not exceed twenty four hours from the time of the arrest. * * *"

It has been held that the lack of a warrant renders the

proceedings defective. *Brewster* v. *Wilson* (*Supreme Court,* 1925), 3 *N. J. Mis. R.* 526; *Van Wyck* v. *De Lorenzo* (*Supreme Court,* 1925), 3 *Id.* 529. However, such a defect is curable by waiver and the defendant by his plea of guilty has waived this defect and such waiver cured the omission and the appellant cannot now complain. The identical situation presented in the instant case was presented to Mr. Justice Parker in *Payne* v. *Gardner* (*Supreme Court,* 1929), 7 *Id.* 1091, who in his opinion said:

"The first ground is that no warrant was issued and that in the absence of a warrant, the police justice was without jurisdiction. In support of this, counsel cites *Brewster* v. *Wilson,* 3 *N. J. Mis. R.* 526, which seems so to hold; *Van Wyck* v. *De Lorenzo, Ibid.* 529, which does not seem to decide the point; and *State* v. *Baker, Ibid.* 532, which also holds that unless there be a warrant, the justice acquires no jurisdiction. The same ruling was made by Judge Stein in the Union County Common Pleas in the case of *State* v. *Wilcox,* 2 *Id.* 320. However, counsel seems to overlook the fact that the case of *State* v. *Baker* went to the Court of Errors and Appeals and the decision is reported in 102 *N. J. L.* 349, where it was distinctly held that where the defendant himself submitted to the jurisdiction of the court he thereby waived the point that no warrant had been issued, the conviction would stand notwithstanding its absence. The first point, therefore, seems to be without substance."

The case of *Grosky* v. *McGovern* (*Supreme Court,* 1945), 133 *N. J. L.* 277, which was relied upon by the appellant was bottomed upon a defective complaint and is not applicable to the facts in the instant case. Refer also to *State* v. *Filon* (*Supreme Court,* 1945), 134 *Id.* 113.

The conviction appealed from is affirmed.