[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 87 
This is an appeal from a judgment of conviction, for operating a motor vehicle on a public highway while under the influence of intoxicating liquor, entered in the Municipal Court of the City of Rahway.
On January 4, 1949, a Dodge sedan driven by the defendant collided in Rahway with a truck owned by Mr. Posnock. The defendant was arrested by a police officer and a complaint was duly filed charging him with driving the Dodge sedan on January 4, 1949, on St. George Avenue, Rahway, a public highway, while under the influence of intoxicating liquor. The complaint was sworn to by Mr. Posnock upon information and belief. A warrant signed by the Clerk of the Municipal Court of Rahway was issued and the defendant was held in custody until the following day, January 5, 1949, when his counsel appeared for the purpose of obtaining his release on bail and an adjournment of the hearing before the Municipal Court. The defendant was released and the hearing was adjourned. Thereafter there were further adjournments at the request of counsel for the defendant and counsel for the State. On January 31, 1949, over the objection by counsel for the defendant, hearing was held and the testimony of witnesses was taken. The Magistrate found the defendant guilty and imposed a fine of $200 and costs.
The defendant filed notice of appeal to this Court from his conviction and the Union County Prosecutor moved on *Page 88 
behalf of the State for a dismissal on the ground that the appeal should have been to the County Court rather than this Court. Thereafter the defendant sought leave to appeal under Rule 4:5; this leave was conditionally granted, reserving to the Union County Prosecutor his right to argue, which he now does, that the defendant was limited by the provisions of Rules 2:11 and 8:11 to his appeal to the County Court and that the proceedings before this Court should be dismissed.
Rules 2:11 and 8:11 provide that review of Municipal Court convictions shall be by appeal to the County Court of the county in which the Municipal Court is located. These Rules have displaced earlier procedural provisions embodied in our statutes relating to such review. See State v. Yaccarino, 3 N.J. 291
(1949). It is true that under Rule 4:5 relating to procedure in lieu of prerogative writs in criminal causes, there is power to permit a direct appeal to this Court from a conviction in a Municipal Court. However, the exercise of this power is discretionary and under the Supreme Court's decision in theYaccarino case leave for such direct appeal will be denied "except in extraordinary cases" (see State v. Muraski,6 N.J. Super. 36 (App. Div. 1949)), when it is manifest that the interests of justice so require. Cf. Ward v. Keenan, 3 N.J. 298
(1949).
In support of the position that the instant case warrants direct review by this Court, the defendant contends (1) that the Municipal Court "lacked jurisdiction over the subject matter complained of because the complaint was filed upon information and belief by a person other than one of the officers designated" by R.S. 39:5-26 and (2) that the Municipal Court "lacked jurisdiction of the person of the defendant because the warrant was issued in the name of the Clerk of the Court and not in the name of the Magistrate."
 I.
Jurisdiction over the subject matter, in its widely accepted sense, is the power to hear and determine cases of the general class to which the particular case presented belongs. *Page 89 
See State v. Smith, 29 R.I. 513, 72 A. 710 (Sup. Ct.
1909); Knaus v. Chicago Title and Trust Co., 365 Ill. 588,7 N.E.2d 298 (Sup. Ct. 1937); and cases collected in 21C.J.S., Courts, § 35, page 44 (1940). The complaint fully and fairly charged the defendant with driving his motor vehicle while under the influence of intoxicating liquor and there is no question that the Municipal Court had power under the statute to hear and determine such charges generally. Under these circumstances, the alleged infirmity in the complaint should not be deemed to constitute a lack of jurisdiction of the subject matter. See State v. Filon, 134 N.J.L. 113, 114 (Sup. Ct.
1946); Kluczek v. State, 115 N.J. 105, 108 (Sup. Ct. 1935). But see Grosky v. McGovern, 133 N.J.L. 277, 281 (Sup. Ct.
1945). Furthermore, we incline to the belief that the complaint conformed sufficiently with the controlling Rules promulgated by the Supreme Court. Rule 8:3-1 provides that the complaint is a written statement of the essential facts constituting the offense charged and shall be made upon oath before any magistrate or other officer empowered by law to take complaints. It draws no distinction between complaints filed by officers and private persons and contains no restriction against complaints made upon oath on information and belief. Cf. Rule 8:10-1. To the extent that earlier procedural statutes may be inconsistent (Cf. R.S.
39:5-26) they have been superseded. See State v. Yaccarino,supra.
 II. Rule 8:3-2 provides that where the warrant is not signed by the committing Magistrate, it may be tested in his name and signed by the person empowered by law to take complaints. In the instant matter the warrant was signed by the Clerk, empowered by law to take complaints, but inadvertently was not tested in the magistrate's name; however, the defendant was not prejudiced and any lack of jurisdiction over the person was waived by his appearance through counsel who, after obtaining his release, requested and received adjournments *Page 90 
of the hearing before the Municipal Court. See Tomicich v.Norton, 134 N.J.L. 411, 414 (Sup. Ct. 1946).
Since the decision in the Yaccarino case, it is clear that the defendant's appeal should have been taken to the County Court where he was entitled to a trial de novo. Although his time for filing an independent appeal to the County Court has expired, he should not be completely deprived of a de novo determination on the merits of the charge against him simply because he misconceived the effect of new Rules which had not been passed upon. Cf. Gallena v. Scott, 1 N.J. 430, 436 (1949); Cole v.I. Lewis Cigar Co., 3 N.J. 9, 13 (1949). To that end, and without any objection thereto by the Union County Prosecutor, the defendant will be granted leave to amend his notice of appeal and address it to the County Court where it will be deemed filed as within time.
The cause is remanded to the Union County Court for further proceedings in accordance with this opinion.