STATE OF NEW JERSEY, PLAINTIFF, v. MARK H. POTTS, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Burlington County

Decided October 25, 1982.

*Denis Germano* for plaintiff (*Hulse and Germano,* attorneys).
*Robert D. Vetra* for defendant.

HAINES, A. J. S. C.

Defendant Mark Potts was arrested by a State Trooper in Wrightstown Borough and charged with violation of *N.J.S.A.* 39:4–50 (drunk driving). He was driven to the State Police Barracks in North Hanover Township and requested to take a breathalyzer test. He refused and was charged with a violation of *N.J.S.A.* 39:4–50.4 (refusal to take a breathalyzer test). The complaints covering both charges were filed in the Wrightstown Borough Municipal Court. At the time of the hearing defendant moved for dismissal of the breathalyzer charge; he argued that the Wrightstown court had no jurisdiction because the refusal had occurred in North Hanover Township.[1] Judge McIn-

---

[1] It was suggested that a dismissal for lack of jurisdiction would terminate any further prosecution for a breathalyzer refusal. More than 30 days had passed since the commission of the offense and, under *N.J.S.A.* 39:5–3, a new complaint could not be filed. The suggestion, however, overlooks the ruling in *State v. Duswalt,* 153 *N.J.Super.* 399 (App.Div.1977), in which it was held that a court which lacked jurisdiction could transfer the complaint to a court which did, so long as the complaint was served within 30 days.

erney, of the Wrightstown Municipal Court, denied the motion, holding that there was sufficient contact with Wrightstown Borough to provide jurisdiction and, further, that it was the intent of the Legislature that drunk driving and breathalyzer refusal charges arising from the same incident should be tried together. The issue is now raised on appeal. I agree with the ruling and the reasoning below.

Jurisdiction has been defined in *State v. Osborn*, 32 *N.J.* 117 (1960):

> Jurisdiction over subject matter is the power of a court to hear and determine cases of the class to which the proceeding in question belongs. It rests solely upon the court's having been granted such power by the *Constitution* or by valid legislation, and cannot be vested by agreement of the parties. [at 122]

The Legislature gave municipal courts jurisdiction over violations of motor vehicle laws by *N.J.S.A.* 2A:8–21(a); in *N.J.S.A.* 2A:8–20 it provided that: "[t]he territorial jurisdiction of a municipal court of a single municipality shall be the territory embraced within such municipality ...." The Wrightstown Borough Municipal Court therefore had no jurisdiction over any such offense occurring in New Hanover Township.

■ Defendant was charged with a violation of *N.J.S.A.* 39:4–50.4a, which provides:

> The municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of R.S. 39:4–50 shall refuse to submit to the chemical test provided for in section 2 of PL 1966 c. 142 (C. 39:4–50.2) when requested to do so, for 6 months unless the refusal was in connection with a subsequent offense under this section, in which case the revocation period shall be for 2 years.

> The municipal court shall determine by a preponderance of the evidence whether the arresting officer had probable cause to believe that the person had been driving or was in actual physical control of a motor vehicle on the public highways or quasi-public areas of this State while under the influence of intoxicating liquor or a narcotic, hallucinegenic, or habit-producing drug or marihuana, whether the person was placed under arrest and whether he refused to submit to the test upon request of the officer, and if these elements of the violation are not established, no conviction shall issue. In addition to any other requirements provided by law, a person whose operator's license is revoked for refusing to submit to a chemical test shall satisfy the requirements of a program of alcohol education or rehabilitation pursuant to the provisions of R.S. 39:4–50. The revocation shall be independent of any revocation imposed by virtue of a conviction under the provisions of R.S. 39:4–50.

Neither the breathalyzer statute nor the statute conferring municipal court jurisdiction over traffic offenses provides any guidance for determining the place at which a violation of the breathalyzer statute is deemed to have occurred. Under such circumstances, "the place where the offense was committed— the *locus delecti*—must be determined from the nature of the offense charged and the location of the act or acts constituting it." *State v. Halleran,* 181 *N.J.Super.* 542, 547 (App.Div.1981). *See, also, Travis v. United States,* 364 *U.S.* 631, 81 *S.Ct.* 358, 5 *L.Ed.*2d 340 (1961), and *U.S. v. Tedesco,* 635 *F.*2d 902, 905 (1 Cir.1980).

 Under the statute a defendant may be convicted of a refusal to take the test only after a finding by the municipal court judge, by a preponderance of the evidence, that

(1) The arresting officer had probable cause to believe that he
 (a) had been driving or was in actual physical control of a motor vehicle on a public highway or quasi-public area,
 (b) while under the influence of intoxicating liquor or certain drugs, *and*
(2) was placed under arrest, *and*
(3) refused to submit to the test upon request of the officer.

In the present case defendant was driving on a public highway in Wrightstown Borough and is alleged to have been intoxicated while doing so. He was placed under arrest in Wrightstown Borough. Thus, the first two elements of the required finding involved actions which took place in Wrightstown. The remaining required element, the refusal, occurred in North Hanover. The offense was therefore a continuing one, which commenced in one municipality and ended in another. In *State v. Halleran, supra* at 547–548, the court, dealing with harassing telephone calls placed in one municipality and received in another, said: "In such circumstances, the offense is of a continuing nature, which can be prosecuted either in the municipality from which the proscribed call was made or in the municipality in which it is received." The same rule applies here. Defendant could be prosecuted for the breathalyzer offense in Wrightstown Borough Municipal Court or in North Hanover Municipal Court.

■ An analysis of legislative intent also supports this conclusion. A person cannot be charged with refusal to take a breathalyzer test until after he has been arrested for drunk driving so that two offenses are involved. The predecessor to our present statute, *N.J.S.A.* 39:4–50.4, provided the Director of Motor Vehicles with jurisdiction over breathalyzer refusal cases. Thus, drunk driving cases were tried in municipal courts while refusal offenses arising from the same incident were tried in Trenton before a hearing officer in the Division of Motor Vehicles. *N.J.S.A.* 39:4–50.4a abolished that procedure, giving jurisdiction over both offenses to the municipal courts. The Legislature, having eliminated the expense and inconvenience of these separate proceedings, cannot have intended to replace them with two other separate proceedings. A contrary interpretation would result in the duplicative use of judicial resources, affronting well-recognized principles of judicial economy.

I conclude, as did the judge of the Municipal Court, that the Wrightstown Borough Municipal Court had jurisdiction to try defendant on the charge of refusing to take the requested breathalyzer test.