STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LEE BERNSTEIN, DEFENDANT-APPELLANT.

ASSOCIATED HUMANE SOCIETIES, PLAINTIFF-APPELLANT, v. ROBERT JONES, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 22, 1983—Decided April 12, 1983.

Before Judges MILMED, MORTON I. GREENBERG and FURMAN.

*Alexander W. Booth, Jr.* argued the cause for appellants (*Brownstein, Gold, Booth & Barry*, attorneys).

*Arthur Stein* argued the cause for respondents (*Curry & Stein*, attorneys).

*Carol M. Henderson*, Deputy Attorney General, argued the cause for *amicus curiae*, State of New Jersey (*Irwin I. Kimmelman*, Attorney General, attorney).

The opinion of the court was delivered by

GREENBERG, J.A.D.

Defendant Lee Bernstein and plaintiff Associated Humane Societies ("Society") appeal from judgments dated October 23, 1981 entered in the Superior Court, Law Division, on appeals *de novo* on the record from the Municipal Court of the Township of Dover. The proceedings arose as a result of the operation by Bob Jones of a petting zoo in the Township of Dover. In general terms, it may be stated that Bernstein, executive director of the Society, questioned the legality of Jones operating such a zoo and objected to the treatment of the animals involved. Jones, in turn, asserted that Bernstein had improperly kept certain of his animals after seeking veterinary care for them. The disputes resulted in numerous municipal court charges being filed by each man against the other. One complaint against Bernstein asserted that he violated *N.J.S.A.*

2C:20–3(a) by "unlawfully taking and exercising unlawful control over one emu and one female goat and three kids which are owned by Bob Jones promotional attractions with the purpose of depriving the owner thereof[.]" One complaint filed by Bernstein on behalf of the Society against Jones charged he violated *N.J.S.A.* 4:22–26(p) in that Jones had committed "the offense of cruelty to animals while at the Petting Zoo, Ocean County Mall, Hooper Avenue in that numerous animals were used for profit making as a fee was paid to pet and feed animals."[1]

The charge for violation of *N.J.S.A.* 2C:20–3(a) was indictable and thus was referred to the Ocean County prosecutor. The prosecutor returned the case to the municipal court for disposition as a disorderly persons offense. The complaint against Jones for violation of *N.J.S.A.* 4:22–26(p) was a civil matter within municipal court jurisdiction. *N.J.S.A.* 4:22–29(b). A consolidated municipal court trial was conducted on the two complaints.[2] The municipal judge found Bernstein guilty of violation of *N.J.S.A.* 2C:20-3(a) and Jones "not guilty" of violating *N.J.S.A.* 4:22–26(p). Counsel then presented arguments concerning appropriate punishment of Bernstein. The judge observed that the case against Bernstein had been filed as indictable and had been returned by the prosecutor for processing as a disorderly persons offense. The judge said that to find he had jurisdiction he had to rule that the property was worth less than $500. He then said that even though he was convinced that the value was in excess of $500, he would make a finding of a $499 value. He imposed a fine of $100 and $25 court costs.

The matter was then appealed to the Superior Court, Law Division. Judge Huber of that court tried the case *de novo* on

---

[1]The other charges against Jones and Bernstein need not be described since only two complaints are involved in this appeal.

[2]Other charges not involved in this appeal were also tried at that time.

the record on October 23, 1981. He determined that Jones had not violated *N.J.S.A.* 4:22–26(p). The judge reasoned:

> When we come down to [*N.J.S.A.* 4:22–26] P [*sic*], it seems to me that using any animal, reptile, or fowl for the purpose of soliciting, that's the purpose, any alms, collections, contributions, subscriptions, donations, or payment of money.
>
> Now, it seems to me that there isn't solicitation here. There was payment just like you would pay to go to Safari Park, and if Mr. Bernstein doesn't want to charge for his zoo, he doesn't have to; but I believe other zoos charge to enter, and I see nothing wrong with paying a charge to go see animals.
>
> Why shouldn't there be some contribution to go in and some payment? But I don't—I don't see any violation of the law and I don't see any acts of cruelty.

Judge Huber found that Bernstein had violated *N.J.S.A.* 2C:20–3(a) but that the value of the property involved was less than $200. Bernstein was fined $50 and $15 costs. On October 23, 1981 Judge Huber signed separate judgments reflecting his determinations under both complaints. Bernstein and the Society have appealed from those judgments.

■ Bernstein's conviction for violation of *N.J.S.A.* 2C:20–3(a) must be reversed. The complaint against him was tried in the municipal court. That court has jurisdiction of disorderly persons offenses. *N.J.S.A.* 2A:8–21(d). Under *N.J.S.A.* 2C:20–2(b)(3) a violation of *N.J.S.A.* 2C:20–3(a) constitutes a disorderly persons offense if the amount involved is less than $200. If the amount involved is at least $200 but does not exceed $500 the offense is a crime of the fourth degree. Here the municipal judge made a finding that the value involved was $499. Thus, though the judge attempted to dispose of the matter as a disorderly persons offense, he found that Bernstein had done an act constituting a crime of the fourth degree. A municipal court has jurisdiction of a fourth degree theft offense only if the defendant waives indictment and trial by jury in writing and the county prosecutor consents in writing. *N.J.S.A.* 2A:8–22. The record includes no such waiver by defendant. At oral argument, when we raised a jurisdictional question, there was no suggestion that defendant had signed such a waiver. Thus, the municipal court did not have jurisdiction to enter the conviction.

■ We recognize, of course, that the appeal to us is from the Superior Court, Law Division. We further are aware that *R.* 3:23–8(c) provides that an appeal to the Superior Court from the municipal court operates as a waiver of all defects in the record. But this general waiver does not go to the subject matter jurisdiction of the municipal court, at least in the absence of implied consent or waiver of the jurisdictional defect. *See State v. Osborn,* 32 *N.J.* 117, 121–122 (1960); *State v. Halleran,* 181 *N.J.Super.* 542 (App.Div.1981) (point assumed in opinion). While it appears that Bernstein did not object to reference of the matter to the municipal court, it was not until the end of the proceedings in that court that a finding was made that he had committed acts constituting a fourth degree offense. Until that time it was not clear that he was being tried for such an offense. Thus, he surely cannot be held to have impliedly consented to the municipal court exercising jurisdiction over an indictable offense or to have waived its absence of jurisdiction. We therefore conclude that the jurisdictional defect in the municipal court survived in the Law Division. Thus, the judgment convicting Bernstein was entered in the Law Division in the absence of jurisdiction and must be reversed.

In reaching our result we recognize that *R.* 3:23–8(d) requires that a defense of lack of jurisdiction in the court must be raised by motion and determined in accordance with *R.* 3:10. But this rule does not preclude a dismissal for want of jurisdiction at this time. *R.* 3:10–4 provides that "[t]he court shall notice the defense of lack of jurisdiction in the court at any time during the pendency of the proceeding except during trial." We regard this matter on direct appeal as being during the "pendency" of this proceeding. *See State v. Goodman,* 92 *N.J.* 43, 48 (1983); *State v. Molnar,* 81 *N.J.* 475, 487–489 (1980).[3]

---

[3]*R.* 1:13–4(a) and (b) provide for transfer of actions when the court is without jurisdiction of the subject matter of an action, even after appeal. But the rule is not here applicable as the power of the court to transfer is subject to defendant's right to be prosecuted by indictment.

█ We realize that reference to the municipal court of indictable offenses is frequently a salutary practice and we do not intend to interfere with prosecutorial discretion in making such references. Certainly the circumstances of this case are not such that the interests of justice would have been served if an indictment had been returned against Bernstein. Quite to the contrary, the reference to the municipal court was most appropriate. Nevertheless, we hold that after an indictable offense is referred to the municipal court for disposition as a disorderly persons offense, the municipal judge cannot find a defendant guilty of an indictable offense unless defendant has executed an appropriate waiver of indictment and trial by jury. In reaching this result we do not suggest that if the judge had made a finding that the value was less than $200 or had made no finding at all as to value, there would have been a jurisdictional problem. Our difficulty is that the judge made a finding that defendant had committed an act which could not be a disorderly persons offense but rather was a fourth degree offense.

The Society contends that *N.J.S.A.* 4:22–26(p) forbids the operation of a petting zoo by Jones.[4] That section precludes:

Use [of] any animal, reptile, or fowl for the purpose of soliciting any alms, collections, contributions, subscriptions, donations, or payment of money except in connection with exhibitions, shows or performances conducted in a bona fide manner by recognized breeders associations, 4H clubs or other similar bona fide organizations[.]

The Society asserts that Jones violated that section since patrons paid to enter the petting zoo. The Society contends that Jones

---

[4]Violations of *N.J.S.A.* 4:22–26(p) are prosecuted in the name of the New Jersey Society for the Prevention of Cruelty to Animals. The complaint against Jones in the municipal court was brought in the name of the State of New Jersey. The judgment in the Superior Court, Law Division, and the notice of appeal to this court are both captioned with the Society as plaintiff. We note, however, that Judge Huber indicated that the complaint had been amended to add the "S.P.C.A." as a party. In the circumstances we reach the issue of whether Jones violated *N.J.S.A.* 4:22–26(p) on the merits. Counsel representing Bernstein has represented the Society on this appeal.

is not a "bona fide" organization and thus he could not charge for entrance to his zoo.

■ We agree with Judge Huber's interpretation of *N.J.S.A.* 4:22–26(p) and therefore affirm his dismissal of the charges against Jones under that section substantially for the reasons given in his oral opinion of October 23, 1981, above quoted, subject to the following comments. *N.J.A.C.* 7:25–4.6(a)6 provides that the Division of Fish, Game and Shellfisheries in the Department of Environmental Protection may issue permits to animal exhibitors of exotic or nongame species other than zoos. The regulation specifies that: "Traveling exhibits and small exhibitions not qualifying as zoos are included, including importation, exportation and sale of species listed in the permit." It is apparent to us that the regulation contemplates that exhibitions may obtain permits. Nothing in the regulation suggests that a consideration may not be charged by the exhibitor. The State of New Jersey acting through the Attorney General as *amicus curiae* consistent with the foregoing regulation has contended on this appeal that Jones' operation does not violate *N.J.S.A.* 4:22–26(p). We accept this practical administrative interpretation of *N.J.S.A.* 4:22–26(p). *See Dickinson v. Fund for the Support of Free Public Schools,* 187 *N.J.Super.* 224, 230 (App.Div.1982). In any event, the statute is penal and thus must be strictly construed, so that no act is unlawful under it unless plainly and unmistakably forbidden. *See State, by Weights and Measures Div. v. Miner Industries, Inc.,* 177 *N.J.Super.* 153, 157 (App.Div.1981). In the absence of a clear mandate, it is appropriate for us to hold that the Legislature did not intend to render unlawful the innocuous activity of operating a petting zoo. *See Board of Pharmacy of N.J. v. Anderson,* 40 *N.J.* 40 (1963).

The judgment of October 23, 1981 against Bernstein convicting him of violation of *N.J.S.A.* 2C:20–3(a) is reversed. The judgment of October 23, 1981 in favor of Jones on the charge that he violated *N.J.S.A.* 4:22–26(p) is affirmed.