36 A.3d 562 (2012)
424 N.J. Super. 151
STATE of New Jersey, Plaintiff-Respondent,
v.
Edward F. SYLVIA, Jr., Defendant-Appellant.
No. A-3477-10T1.
Superior Court of New Jersey, Appellate Division.
Submitted January 17, 2012.
Decided February 22, 2012.
*563 Leckerman Law, LLC, attorneys for appellant (Kevin Leckerman, of counsel and on the brief).
Sean F. Dalton, Gloucester County Prosecutor, attorney for respondent (Margaret A. Cipparrone, Assistant Prosecutor, on the brief).
Before Judges PARRILLO, GRALL and SKILLMAN.
The opinion of the court was delivered by
GRALL, J.A.D.
Following trial de novo on the record of the Woodbury Heights Municipal Court, the Law Division judge found defendant Edward F. Sylvia, Jr. guilty of driving while under the influence, N.J.S.A. 39:4-50, and refusal to submit to a breath test, N.J.S.A. 39:4-50.4a. For driving while under the influence, defendant was sentenced to 180 days' incarceration and ten years' loss of license and required to pay a $1000 fine, a $50 VCCB penalty, a $75 SNSF assessment, a $200 DWI surcharge and $33 for court costs. For refusal to submit to a breath test, the judge imposed a concurrent seven-month license suspension, forty-eight hours of attendance at the Intoxicated Driver Resource Center, a $306 fine, a $100 DWI surcharge and $33 for court costs.
Defendant appeals and presents one argument for our consideration. He contends that the State failed to establish at trial that the prosecution of the alleged motor vehicle offenses was for violations committed within the territorial jurisdiction of the Woodbury Heights Municipal Court.
The summonses and complaints charged defendant with committing these violations in Woodbury Heights, and defendant was tried in the Woodbury Heights Municipal Court, before a judge of that court. The arresting officer, Patrolman Jason Neely of the Woodbury Heights Police Department, testified, signed the summonses and indicated the intersection at which he first saw defendant driving was Route 45 and Elm Avenue. Defendant did not challenge the jurisdiction of the Woodbury Heights Municipal Court or raise any question about that court's territorial jurisdiction on cross-examination or during the defendant's case. He first raised the issue on trial de novo in the Law Division.
Neely was working on the night of January 11, 2010. When defendant's car came to his attention, Neely had just completed another traffic stop and was in his patrol car at the entrance to a jug handle for Route 45 and Elm Avenue. He noticed the car defendant was driving as it was *564 leaving the parking lot of the Hollywood Café and entering into the jug handle. Although the address of the Café is Route 45 in Woodbury Heights, Neely did not mention that fact in his testimony, and as Neely described the jug handle, the municipal court judge advised the parties that they could assume he was "familiar with that area, very familiar." Defendant did not object to the judge's implicit assertion of his intention to take notice of the area, and courts properly take judicial notice of geographical facts that "are capable of immediate determination by resort to sources whose accuracy cannot reasonably be questioned" or are "of such common notoriety within the area ... that they cannot reasonably be the subject of dispute." N.J.R.E. 201(b)(2)-(3); see, e.g., N.J. Sports & Exposition Auth. v. McCrane, 119 N.J.Super. 457, 537, 292 A.2d 580 (1971) (taking judicial notice of the proximity of the Hackensack Meadowlands to highways and other states).
Neely noticed the car when it passed him on exiting the Café's parking lot because one of its headlights was out and its inspection sticker had expired. Defendant took the jug handle, and Neely followed. There were no cars between defendant's and his. Defendant made a "quick erratic turn into the left turn lane" and activated his directional signal, indicating that he was going to turn left onto Route 45, which he did. Neely followed defendant for a little more than a mile, and then stopped the car. When the prosecutor asked Neely where he made the stop, he said: "Actually in West Deptford Township, Beth's Hair Boutique, southbound 45."
Neely spoke to defendant and his passenger, who was the owner of the car. She could not produce a registration, and Neely detected a strong odor of alcohol in the vehicle and was not sure whether defendant or the passenger was the source. After having defendant perform field sobriety tests, the officer took him to the police station in Woodbury Heights. There defendant was observed for twenty minutes before he was read the standard form of advice and warnings addressing the Alcotest and refusal to submit. Defendant declined to take the test.
Defendant did not question the municipal court's jurisdiction prior to or during that proceeding or ask Patrolman Neely to identify the municipality in which he observed defendant driving. Defendant's attorney first questioned the territorial jurisdiction of the municipal court on de novo appeal in the Law Division. Defense counsel did not offer to demonstrate or assert that his client was not driving in Woodbury Heights. He simply contended that the State did not prove he was and, consequently, failed to prove that the Woodbury Heights Municipal Court had jurisdiction.
Although the Law Division ruled on numerous arguments defense counsel raised on de novo appeal, the judge did not address territorial jurisdiction. Defendant's failure to raise the objection in municipal court was not fatal to his claim, because an objection based on territorial jurisdiction may be raised at any time. State v. Streater, 233 N.J.Super. 537, 541, 559 A.2d 473 (App.Div.1989). Because the question does not turn on the credibility of any witness, we have determined it is more appropriate to exercise our original jurisdiction than to remand. R. 2:10-5.
A municipal court may hear a case involving a violation of the motor vehicle or traffic laws "within the territorial jurisdiction of the court." N.J.S.A. 2B:12-17b. With exceptions not applicable here, the jurisdiction of "a municipal court of a single municipality [is] over cases arising within the territory of that municipality." N.J.S.A. 2B:12-16. A municipal court is a court of limited jurisdiction established by *565 statute. N.J. Const. art. VI, § I, ¶ 1; Kagan v. Caroselli, 30 N.J. 371, 377, 153 A.2d 17 (1959).
There is support for the proposition that a charge of driving while under the influence must be prosecuted in the court of the municipality in which the charge arose. State v. Boutote, 19 N.J.Super. 60, 62, 66, 87 A.2d 774 (Monmouth County Ct.1952) (holding judgment void ab initio because the defendant was tried in the municipal court of the Borough of Freehold for infractions that occurred in the Township of Freehold). The violations at issue here are "continuing." When "commenced in one municipality and ended in another," they can be prosecuted in either municipality. State v. Potts, 186 N.J.Super. 616, 620, 453 A.2d 300 (Law Div.1982). Where the street is one through which "the boundary line of two or more municipalities runs or crosses, then the proceeding may be brought before the judge having jurisdiction in any one of the municipalities divided by said boundary line...." N.J.S.A. 39:5-3c.
In published opinions addressing territorial jurisdiction of municipal courts, our courts have concluded that a defect raised prior to trial may be cured by transfer of the prosecution to the municipal court that has territorial jurisdiction with any amendment of the complaint necessary to give adequate notice. State v. Duswalt, 153 N.J.Super. 399, 401-02, 379 A.2d 1278 (App.Div.1977); State v. Ryfa, 315 N.J.Super. 376, 379-83, 718 A.2d 717 (Law Div. 1998). This case differs from those cited above in a significant way. In each, it was obvious from the outset that the violation occurred outside the municipality over which the municipal court had jurisdiction. In this case, the basis for territorial jurisdiction was asserted in the complaints, and the evidence adduced at trial supports the inference that the essential conductdriving while under the influence and refusal occurred within Woodbury Heights despite the fact that defendant continued driving into West Deptford where he was arrested and taken to the Woodbury Heights Police Station where he refused. Thus, he could be prosecuted for the continuing offense in Woodbury Heights. Potts, supra, 186 N.J.Super. at 620, 453 A.2d 300; see State v. Vreeland, 53 N.J.Super. 169, 173, 147 A.2d 49 (App.Div.1958) (holding that the fact of jurisdiction controls and declining to nullify a conviction based on failure to assert the critical facts in the complaint).
An analogous issue arises when the State's jurisdiction to prosecute for a crime is in issue. See N.J.S.A. 2C:1-3 (defining the territorial reach of the State's criminal law). The issue is not identical because jurisdiction is an element, albeit not a material element, of a criminal offense that the State must prove beyond a reasonable doubt. State v. Denofa, 187 N.J. 24, 46, 898 A.2d 523 (2006). In contrast, the question in this case is one of authority of the court only. But in each instance, territorial jurisdiction is essential, and it is appropriate to apply the same standards.
In criminal prosecutions where the defendant has not challenged jurisdiction prior to trial, a reviewing court should affirm if the evidence and reasonable inferences, viewed in the light most favorable to the State, permit a finding that the crime occurred within this State. Denofa, supra, 187 N.J. at 44, 46, 898 A.2d 523; see also State v. Reyes, 50 N.J. 454, 458-59, 236 A.2d 385 (1967) (stating that standard for denial and review of a denial of a motion for judgment of acquittal); State v. O'Shea, 16 N.J. 1, 5, 105 A.2d 833 (1954) (considering whether the evidence was adequate to withstand a judgment of acquittal in deciding whether the State established that the crime was committed in the *566 city named in the indictment, which the Court characterized as a question of venue). Where the trial is to a jury, rather than the court, absent a request supported by a rational basis in the record for resolving the question in defendant's favor, the jury need not be directed to make a finding on jurisdiction unless the evidence clearly indicates a factual dispute. Denofa, supra, 187 N.J. at 29, 898 A.2d 523.
In this case, the evidence of jurisdiction and the facts subject to judicial notice were adequate to permit the municipal court judge to find that these violations occurred within his territorial jurisdiction even if they continued beyond it. The patrolman carefully explained the site of his first observation of defendant and the route he took following defendant as he drove. Just as carefully, he stressed that he was outside the municipality when he stopped the car. Moreover, the judge advised that he was very familiar with the area in which the patrolman saw and followed defendant, and the boundary of the municipality is a fact that is a proper subject of judicial notice. See N.J.R.E. 201(b)(2)-(3). Considering the evidence as a whole and in the light most favorable to the judge's verdict, we conclude that defendant is not entitled to an order vacating the judgment for lack of territorial jurisdiction in the municipal court.
Without question, better practice is to clearly establish the basis for territorial jurisdiction on the record. Vreeland, supra, 53 N.J.Super. at 173, 147 A.2d 49. Because defendant did not ask the judge to make a finding and a basis for questioning territorial jurisdiction was not clearly indicated by the evidence, the judge's failure to state the facts on which he determined to exercise jurisdiction is of no moment. Denofa, supra, 187 N.J. at 35, 898 A.2d 523.
Affirmed.