**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3685-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOAO V. RIBEIRO,

    Defendant-Appellant.

_____

Submitted April 8, 2019 – Decided May 10, 2019

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 35-17.

Glen L. Schemanski, attorney for appellant.

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Joao Ribeiro was convicted of the disorderly persons offense of receiving stolen property, namely, an iPhone 6s, N.J.S.A. 2C:20-7(a). The charge stemmed from allegations that when defendant exchanged an iPhone 6s for $20 at an ECO ATM,[1] a crime database reported a serial match for the iPhone, which had been reported stolen from a high school gym approximately nine months earlier.

During the municipal court trial, although the investigating officer did not interview the victim or defendant, he testified that the iPhone was reportedly valued at $700. In finding defendant guilty of receiving stolen property, both the municipal court and the Law Division judge determined that because defendant exchanged the $700 iPhone for only $20, the State proved beyond a reasonable doubt that defendant believed the iPhone had probably been stolen at the time he received it to satisfy the requisite elements of the offense.[2]

---

[1] According to defendant's merits brief, "the [ECO ATM] offers an automated and environmentally friendly option to recycle cell phones and small electronics for cash."

[2] "The crime of receiving stolen property . . . has three elements: (1) defendant knowingly received movable property of another; (2) the property was stolen; and (3) defendant either knew the property had been stolen or believed it had probably been stolen at the time he received it." State v. Tindell, 417 N.J. Super. 530, 549-50 (App. Div. 2011) (footnote omitted).

A-3685-17T3

On appeal, defendant raises the following points for our consideration:

I. THE TRIAL COURT ERRED BY FAILING TO GRANT THE MOTION TO DISMISS SINCE THE STATE FAILED TO CARRY ITS BURDEN OF PRODUCTION AND PERSUASION TO PROVE THE ELEMENT OF KNOWLEDGE OR BELIEF THAT THE GOODS WERE STOLEN[.]

II. THE MUNICIPAL COURT LACKED PROPER SUBJECT-MATTER JURISDICTION (NOT RAISED BELOW)[.]

Because we agree there was no competent evidence that the iPhone was worth $700, a crucial fact relied upon by the court in finding the State had proven the requisite elements of receiving stolen property beyond a reasonable doubt, we reverse. Additionally, we agree the municipal court lacked subject-matter jurisdiction, and this jurisdictional defect survived in the Law Division.

We glean the following facts from the record. On May 16, 2016, the victim reported to the Delran Township Police Department (DTPD) that her black iPhone 6s, serial number 353258078332936, was stolen from her son's backpack in the Delran High School weight lifting room. The serial number of the stolen iPhone was entered into the National Crime Information Center (NCIC) database. Over nine months later, on February 17, 2017, defendant deposited an iPhone matching the serial number of the stolen phone into the ECO ATM machine located in the Moorestown Mall and received $20 in

3

exchange. A digital photograph of defendant taken during the transaction as well as defendant's driver's license, which was required to complete the transaction, documented the exchange.

On April 12, 2017, the Moorestown Police Department (MPD) received a NCIC hit for the stolen iPhone based on the transaction and notified the DTPD. DTPD Detective Harry Cassey attempted to contact defendant at his listed telephone number and address but was unsuccessful. Thereafter, on April 27, 2017, Cassey filed a complaint-summons against defendant in the Moorestown Township Municipal Court, charging him with receiving stolen property in connection with the stolen iPhone. The accompanying preliminary law enforcement incident report listed the approximate value of the phone as $200.

At the municipal court trial conducted on November 1, 2017, Cassey, the State's sole witness, testified that he never obtained a statement from defendant and was unsure how defendant came into possession of the iPhone. In addition, Cassey did not take a statement from the victim or the victim's son, but "believe[d]" that "they reported" the iPhone as valued at $700. Cassey also testified that he never investigated whether the iPhone had been used between the date it was reported stolen and defendant's ECO ATM transaction.

4

Following the trial, the municipal court judge denied defendant's motion to dismiss the charge and found defendant guilty. The judge determined that the State had proven beyond a reasonable doubt that defendant was properly identified "as the individual who was in possession of the [stolen iPhone]," and that "defendant believed that [the iPhone] was probably stolen" based on "the totality of the circumstances," particularly the fact that defendant was exchanging a phone valued at $700 for $20.

The judge explained:

> [D]efendant takes the phone to a kiosk so he does [not] have to have an interaction with a human in order to get a quick $20 for a $700 phone. If somebody had purchased the phone for use, . . . it would be unreasonable for someone to take this particular phone as identified via the serial number reported . . . it would be unreasonable to take a cell phone that you own and turn it in for $20 when it is an iPhone 6, which is not exactly a very old phone. I . . . know there [is] an iPhone 8 that just came out, but [this phone's] history is such that it is a significantly valuable phone.

The judge sentenced defendant to one year of probation, imposed the statutory fines and penalties, and ordered defendant to pay restitution in the amount of $700.

At the trial de novo, the Law Division judge acknowledged that he was required to look at the facts completely anew, but also to "use the record that

was established in the [municipal] [c]ourt" while giving "[due] regard to the credibility findings that [the municipal judge] may have made."  After reviewing Cassey's testimony, the judge found defendant guilty.  The judge determined that all three elements of the offense were satisfied because, based on the photographs taken at the ECO ATM, defendant was in possession of the iPhone, which had been reported stolen by the victim and entered into the NCIC database.  Further, according to the judge, while the case did not support the court finding a statutory presumption of knowledge that the phone was stolen, pursuant to N.J.S.A. 2C:20-7(b), the court was permitted to draw a reasonable inference from the circumstances that defendant "either knew that the property was stolen or believed that it had probably been stolen."

In that regard, acknowledging that "[m]ere proof that the property was stolen [was] not sufficient to establish this element[,]" the judge determined "[i]t [was] unreasonable to find that one who own[ed] a $700[] cell phone would turn it over for [$20,]" and "[i]t [was] more reasonable to believe the cell phone was a stolen item and . . . [d]efendant knew or should have known it was stolen when

he transferred it." The judge entered a memorializing judgment of conviction[3] and this appeal followed.

Our standard of review following a trial de novo in the Law Division "is limited." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). "The Law Division judge [is] bound to give 'due, although not necessarily controlling, regard to the opportunity of a [municipal court judge] to judge the credibility of the witnesses.'" Ibid. (second alteration in original) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)). In turn, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge," ibid., and we will reverse only if we are "thoroughly satisfied that the finding is clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction." Johnson, 42 N.J. at 162. "This involves consideration of the proofs as a whole . . . for the question is not simply whether there was enough evidence to withstand a defense motion at the end of the plaintiff's case or of the entire case." Ibid. In contrast, "legal conclusions are subject to de novo review." State v. Kuropchak, 221 N.J. 368, 383 (2015).

---

[3] Although unclear from the record, it appears the judge imposed the same sentence as the municipal court judge.

Defendant first argues that the court erred in finding him guilty of receiving stolen property despite the lack of evidence concerning how he came into possession of the stolen iPhone and conflicting evidence of the phone's value. The court relied heavily on the fact that defendant sold a $700 iPhone for $20 in finding that defendant knew the phone was stolen or believed it probably was stolen. However, there was insufficient credible evidence in the record to support the judge's finding that the iPhone was valued at $700. As a result, there was insufficient credible evidence to establish beyond a reasonable doubt the third element of receiving stolen property.

Turning to the jurisdictional issue, the municipal court has jurisdiction over disorderly persons offenses and other matters not pertinent to this appeal. N.J.S.A. 2B:12-17.[4] Pertinent here, under N.J.S.A. 2C:20-2(b)(4), theft

---

[4] Pursuant to N.J.S.A. 2B:12-17, municipal courts have jurisdiction over the following cases:

> a. Violations of county or municipal ordinances;
>
> b. Violations of the motor vehicle and traffic laws;
>
> c. Disorderly persons offenses, petty disorderly persons offenses and other non-indictable offenses except where exclusive jurisdiction is given to the Superior Court;

constitutes a disorderly persons offense if "[t]he amount involved was less than $200[.]"  Theft constitutes a fourth-degree crime "if the amount involved is at least $200[] but does not exceed $500[,]" N.J.S.A. 2C:20-2(b)(3), and a third-degree crime if the amount "involved exceeds $500[] but is less than $75,000[,]" N.J.S.A. 2C:20-2(b)(2).  Here, both the municipal and the Law Division judge made a finding that the value of the iPhone was $700.  Thus, both judges found that defendant had committed an act constituting a crime of the third-degree, over which the municipal court has no jurisdiction.  See N.J.S.A. 2B:12-17.

In State v. Bernstein, 189 N.J. Super. 212, 216 (App. Div. 1983), we reversed the defendant's conviction for theft, N.J.S.A. 2C:20-3(a), because "the municipal court did not have jurisdiction to enter the conviction."  There, the municipal judge found that the value of the stolen property was $499, a fourth-degree offense over which the municipal court had jurisdiction "only if the

---

d. Violations of the fish and game laws;

e. Proceedings to collect a penalty where jurisdiction is granted by statute;

f. Violations of laws regulating boating; and

g. Any other proceedings where jurisdiction is granted by statute.

defendant waive[d] indictment and trial by jury in writing and the county prosecutor consent[ed] in writing. N.J.S.A. 2A:8-22."[5] Ibid. "The record include[d] no such waiver by [the] defendant." Ibid.

Following the trial de novo in the Law Division, the Law Division judge determined that the value of the property was less than $200. Ibid. Although we recognized that "[Rule] 3:23-8(c) provide[d] that an appeal to the Superior Court from the municipal court operates as a waiver of all defects in the record[,]" we held that "this general waiver does not go to the subject[-]matter jurisdiction of the municipal court, at least in the absence of implied consent or waiver of the jurisdictional defect." Id. at 217. "We therefore conclude[d] that the jurisdictional defect in the municipal court survived in the Law Division"

---

[5] N.J.S.A. 2A:8-22 has since been replaced by N.J.S.A. 2B:12-18, which provides:

> A municipal court has jurisdiction over the following crimes occurring within the territorial jurisdiction of the court, where the person charged waives indictment and trial by jury in writing and the county prosecutor consents in writing:
>
> a. Crimes of the fourth[-]degree enumerated in chapters 17, 18, 20[,] and 21 of Title 2C of the New Jersey Statutes; or
>
> b. Crimes where the term of imprisonment that may be imposed does not exceed one year.

and determined that the judgment of conviction "entered in the Law Division in the absence of jurisdiction . . . must be reversed." Ibid.

> In reaching our result we recognize[d] that [Rule] 3:23-8(d) require[d] that a defense of lack of jurisdiction in the court must be raised by motion and determined in accordance with [Rule] 3:10. But this rule [did] not preclude a dismissal for want of jurisdiction at this time. [Rule] 3:10-4 provides that "[t]he court shall notice the defense of lack of jurisdiction in the court at any time during the pendency of the proceeding except during trial." We regard this matter on direct appeal as being during the "pendency" of this proceeding.
>
> [Ibid. (seventh alteration in original).]

We further noted that

> [i]n reaching this result we do not suggest that if the judge had made a finding that the value was less than $200 or had made no finding at all as to value, there would have been a jurisdictional problem. Our difficulty is that the judge made a finding that defendant had committed an act which could not be a disorderly persons offense[,] but rather was a fourth[-]degree offense.
>
> [Id. at 218.]

Likewise, here, by finding that the stolen iPhone 6s had a $700 value, both judges made a finding that defendant committed an act that constituted a third-degree crime, rather than a disorderly persons offense. Because the jurisdictional defect in the municipal court survived in the Law Division, the

11

judgment of conviction "entered in the Law Division in the absence of jurisdiction . . . must be reversed." Id. at 217.

The judgment of conviction is reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION