53 N.J. Super. 169 (1958)
147 A.2d 49
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH M. VREELAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1958.
Decided December 17, 1958.
*170 Before Judges GOLDMANN, CONFORD and HANEMAN.
*171 Mr. Joseph I. Bedell argued the cause for defendant-appellant (Messrs. Lyness and Bedell, attorneys).
Mr. John W. Fritz, Assistant Prosecutor of Somerset County, argued the cause for plaintiff-respondent (Mr. Leon Gerofsky, Prosecutor of Somerset County, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
Defendant was convicted on a trial de novo in the Somerset County Court had upon the record made before the Municipal Court of Bedminster Township on a charge of driving while under the influence of alcoholic liquor, in violation of N.J.S.A. 39:4-50. Because the offense was a second one defendant was sentenced to serve three months in jail and his license revoked for ten years. The appeal is based upon the narrow ground that while the territorial jurisdiction of the municipal court is limited to offenses occurring within the area of the municipality wherein the court is held, N.J.S. 2A:8-20, 21, subd. a, the complaint upon which defendant was prosecuted does not expressly state that the offense was committed in the Township of Bedminster, but only "north on RT 206." Route 206 runs through a number of municipalities, including Bedminster. The complaint is captioned "Municipal Court, Township of Bedminster."
In the agreed statement in lieu of record on appeal it is conceded by defendant that the case was tried on the merits in the municipal court and that there was evidence offered on the State's case that on the occasion in question defendant was driving a motor vehicle within the limits of the Township of Bedminster and was apprehended there while operating the car. There is therefore no question but that in fact and law the local court was legally authorized to assume jurisdiction over the subject matter of this offense and had such jurisdiction in this case unless it failed to attach by virtue solely of the failure of the complaint expressly to specify the Township of Bedminster as the locale of commission of the offense, as contended by defendant.
*172 It is to be conceded that the general rule is that a complaint before a court of limited territorial jurisdiction must contain a recital of the facts supporting jurisdiction, including the fact of commission of the offense within the territory to which the court's jurisdiction extends. 22 C.J.S. Criminal Law § 374, p. 544. And see Ex parte Perse, 220 Mo. App. 406, 286 S.W. 733 (Ct. App. 1926); People v. Gregory, 30 Mich. 371 (Sup. Ct. 1874); Commonwealth ex rel. Taylor v. Clinton, 38 Pa. Super. 573 (Super. Ct. 1909); Commonwealth v. Weldon, 26 Northam. Law Rep. 383 (Cty. Ct. Pa. 1938); Commonwealth v. Barnard, 6 Gray Mass., 488 (Sup. Jud. Ct. Mass. 1856).
R.R. 8:10-1 requires that in traffic cases the complaint shall be in conformance with Form 12, which includes a requirement for designation of the "location" of the place of commission of the offense. This, however, would seem more designed to apprise the defendant and the trial court of a fact relevant to the merits of any controversy concerning the substance of the offense than a requirement intended to be basic to the court's jurisdiction.
Defendant cites no case wherein it has been held in a factual background affirmatively demonstrating that the offense was committed within the court's territorial jurisdiction that the failure of the complaint expressly to state that fact is fatal to the court's jurisdiction over the subject matter. Nor do we find any.
In State v. Sexton, 141 Mo. App. 694, 125 S.W. 519, 521 (Ct. App. 1910), it is stated:
"It is a general rule that, inasmuch as the justice of the peace has only such jurisdiction as the statute confers upon him the facts giving such jurisdiction must affirmatively appear on the face of the proceedings."
Were we to apply that rule here jurisdiction would attach since the record of the present proceedings is inclusive of the proof at the trial showing that the offense was committed in Bedminster. Note in this connection that the municipal court is a court of record. Board of Health, Weehawken v. *173 New York Central R. Co., 10 N.J. 284, 290 (1952). In Ex parte Hartman, 9 Cal.2d 583, 71 P.2d 921 (Sup. Ct. 1937), a closely comparable case, it was held that while "good pleading" required the complaint expressly to state that the offense was committed within the boundaries by which the territorial jurisdiction of a Justice's court was limited, nevertheless where that fact appeared "on trial" the objection would not suffice to reverse a conviction on appeal.
It is readily to be granted that the record of any judicial proceedings should as a matter of good practice reflect those facts which support the jurisdiction of the court over the subject matter in order to minimize the possibility of the undue assumption of power by an unauthorized tribunal. In the present case the magistrate or the County Court should, on objection, have amended the complaint to state the place of commission of the offense. But this is not to say that where in fact jurisdiction exists its exercise should be nullified after the event because of the technical omission in a complaint of the recital of a jurisdictional fact the absence of which has not harmed the defendant.
Just as a court's jurisdiction over subject matter will not be defeated by the technical insufficiency of a complaint in pleading the facts which substantively operate to invoke that jurisdiction, Abbott v. Beth Israel Cemetery Association, 13 N.J. 528, 537 (Sup. Ct. 1953), so should it not be defeated by a technical insufficiency in pleading such a jurisdictional fact as is here involved where the record shows that the fact exists. In the enlightened concepts which are entertained today in respect to the subordination of form to substance, the fact of jurisdiction should be controlling. A reversal of this conviction on the ground here urged would seem to us, in the language of Mr. Justice Heher, dissenting, in Grosky v. McGovern, 133 N.J.L. 277, 283 (Sup. Ct. 1945), to "exalts technical and literal strictness to the sacrifice of essential justice." See also State v. Lefante, 12 N.J. 505, 510 (1953). The defendant was not prejudiced in the slightest degree in his *174 defense on the merits of the charge by the defect he asserts here. Cf. State v. Smith, 6 N.J. Super. 85, 89 (App. Div. 1949). Nor are we impressed by his argument that to permit this conviction to stand subjects him to the danger of double jeopardy. The place of commission of the offense is no element of the statutory offense of driving while under the influence of alcoholic liquor. N.J.S.A. 39:4-50. Defendant cannot again be charged with that offense in respect of the particular occurrence here involved as the evidence necessary to sustain it would have been sufficient to convict on the charge before us. State v. Labato, 7 N.J. 137, 144 (1951); and see State v. Willhite, 40 N.J. Super. 405 (Cty. Ct. 1956).
We have carefully considered all of the other authorities cited by defendant but find them either inapposite or unpersuasive on the precise issue presented. This case does not involve the question as to the substantive sufficiency of a complaint or accusation to charge the offense. Cf. State on Complaint of Bruneel v. Bruneel, 14 N.J. 53 (1953).
Judgment affirmed.