153 N.J. Super. 399 (1977)
379 A.2d 1278
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARY N. DUSWALT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1977.
Decided October 25, 1977.
*401 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Ralph E. McKay argued the cause for appellant.
Mr. Barry T. Albin, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by CONFORD, P.J.A.D.
Defendant appeals her conviction for drunken driving on two grounds: (1) that there was an absence of territorial jurisdiction in the municipal courts involved in the prosecution, and (2) that her sentence of three months in the county jail, which was mandatory (for *402 a second offense committed within ten years) under the applicable statute in effect when the driving and the convictions took place, should be modified to accord with the more lenient discretionary penalty provisions of the statutory revision enacted by L. 1977, c. 29. We find ourselves unable to agree with either contention.

I
The offense took place November 21, 1975 in the Township of Eagleswood (Ocean County) which did not at that time have a municipal court. The summons issued by the State Police to defendant was captioned in the Municipal Court of the Borough of Tuckerton. That court being without the territorial jurisdiction required for courts hearing complaints of motor vehicle violations under N.J.S.A. 2A:8-21(a), it transferred the case to the Municipal Court of the Township of Little Egg Harbor, which adjoins Eagleswood township, and whose court therefore had jurisdiction over offenses occurring in Eagleswood. N.J.S.A. 2A:8-20. Thereafter, in March 1976, a municipal court was established in the latter municipality. The case was consequently transferred to that court, where defendant was convicted July 20, 1976 of drunken driving as well as of driving while on the revoked list. There is no present question of defendant's guilt of the charges, which was clearly established by the evidence. Having been previously convicted of the same offense in 1969, defendant was sentenced on the drunken driving charge to three months in the county jail, to be served week-ends, and to a suspension of driving privileges for 10 years. These penalties were mandatory under N.J.S.A. 39:4-50(a).
On November 24, 1976 defendant was tried de novo in the Ocean County Court on the municipal court transcript, and on December 23, 1976 defendant was again found guilty and the same penalties were imposed. The sentence has been stayed pending appeal.
*403 The transfers to the Little Egg Harbor and Eagleswood municipal courts were made under the authority of R. 1:13-4(a) which provides:
Subject to the right to be prosecuted by indictment, if any court is without jurisdiction of the subject matter of an action or issue therein or if there has been an inability to serve a party without whom the action cannot proceed as provided by R. 4:28-1, it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court, if any, in the State. The action shall then be proceeded upon as if it had been originally commenced in that court.
The rule was patently applicable here. Defendant argues to the contrary, however, on the basis that the Tuckerton court was not without "subject matter" jurisdiction but rather without "territorial" jurisdiction, in which situation, so goes the contention, the power to transfer under the rule is absent. The distinction drawn has no substance, at least for present purposes. There is no reason to believe that the intent of the rule, which tracks the language of "The Transfer of Causes Act," L. 1912, c. 233, see In re Old Colony Coal Co., 49 N.J. Super. 117, 124-125 (App. Div. 1958), in its reference to subject matter jurisdiction, was not comprehensive enough to include absence of territorial jurisdiction. Obviously the salutary object of preventing the miscarriage of an action or proceeding because instituted in the wrong court is as applicable where the jurisdictional defect is lack of territorial jurisdiction as in case of any other kind of subject matter deficiency. Compare State v. Henry, 56 N.J. Super. 1, 10-11 (App. Div. 1959); State v. Vreeland, 53 N.J. Super. 169, 173-174 (App. Div. 1958).
Defendant also cites In re Old Colony Coal Co., supra, for the proposition that a court without subject matter jurisdiction is powerless to take any step whatever in the cause, even to transfer it to a court possessing jurisdiction. But the case by no means so holds. It decides only that a court without subject matter jurisdiction may not make a determination *404 having substantive effect on the rights of the parties. 49 N.J. Super. at 125.
Finally, in this regard, defendant urges the transfers were void because of the requirement of N.J.S.A. 39:5-3 that process in a motor vehicle violation of this type must issue within 30 days after commission of the offense. There is no merit in the contention. Process did issue within 30 days. Once jurisdiction over the person vested by service of process, the Tuckerton court could transfer the case to a court having subject matter jurisdiction to decide the case, and "[j]urisdiction over the person previously obtained would not be vitiated by the lack of jurisdiction * * * over the subject matter." In re Old Colony Coal Co., supra, 49 N.J. Super. at 125. That the process issued out of a court without territorial jurisdiction to determine the matter is of no consequence as that court did not determine the case but transferred it.

II
Defendant contends she was entitled to be sentenced under the more lenient penalty provisions of the amendment of the law effected by L. 1977, c. 29  relying particularly on § 7 of that act. The section provides:
In any case pending on or initiated after the effective date of this act involving an offense committed prior to such date, the court, with the consent of the defendant, shall impose sentence under the provisions of this act. If the defendant does not consent to the imposition of sentence under the provisions of the act, the court shall impose sentence under the law which was in effect at the time of the commission of the offense.
The position advanced is that a "case pending" includes one under appeal although conviction, including sentence, has already taken place. Neither the ordinary meaning of the term, "case pending," nor a fair reading of all the relevant provisions of chapter 29, taken in entirety, supports the thesis.
*405 "[A]n action or suit is `pending' from its inception until the rendition of final judgment." Black's Law Dictionary (4 ed. 1951), at 1291. A final judgment is rendered in the court of first instance, and under our practice is a requisite for appealability as of right to the Appellate Division. R. 2:2-1(a). Thus, in the case at hand, within the ordinary acceptation of a "case pending," the instant matter was no longer such a case after defendant was sentenced by the County Court after the trial de novo. That date preceded the effective date of chapter 29.
That § 7 of chapter 29 did not intend its provisions to apply where sentence had been pronounced prior to its effective date is further supported by the direction that the court should "impose sentence under the provisions of this act." It is not likely that such language would have been used if intended to apply to a case where sentence had already been pronounced.
But of greatest cogency in respect of the point under consideration is the contrast between § 6 and § 7 of chapter 29. Section 6 provides, in the case of any person who "had been convicted of an alcohol-related offense" prior to the effective date of chapter 29, for two kinds of relief. After service of at least six months of a license suspension, the person convicted can apply to the Division of Motor Vehicles for restoration of license upon agreement to pursue an approved program of alcohol education or rehabilitation. Section 6(a). And, after service of at least 30 days of a sentence of imprisonment, the individual may apply to the court for discharge upon the same agreement. It is thus clearly discerned that the comprehensive scheme of the new statute for dealing with transitional situations was to afford relief to those offenders convicted prior to the effective date of chapter 29 pursuant to § 6 only, but giving those convicted thereafter the benefit of the lighter sentencing available under chapter *406 29, pursuant to § 7.[1] Pendency of an appeal in the latter cases would consequently be irrelevant.
When the legislative intent is as clearly manifested as it is here, the court is not at liberty to rule otherwise out of considerations of sympathy for the defendant or preference for the new as opposed to the former statutory penal policies in this area.
Defendant having been convicted prior to the effective date of chapter 29, she has the right to apply for the qualified relief allowable under § 6, but she is not entitled to an order of remand for plenary resentencing in accordance with the new sentencing scheme legislated by chapter 29.
Affirmed.
NOTES
[1] The Supreme Court recognized these effects of chapter 29 when, by directive of April 7, 1977, it authorized deferment of sentencing in all drunken driving cases, when the defense so requested, to after May 25, 1977, the effective date of § 7. 100 N.J.L.J. 291. Since conviction is not complete until sentencing, the directive thus brought such cases under the umbrella of § 7.