STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DARRELL PARKS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 3, 1979—Decided October 29, 1979.

Before Judges CRANE, MILMED and KING.

*Mr. David S. Bunevich,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Ms. Mary Ann Kenny Pidgeon,* Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General, attorney; *Mr. Edwin H. Stern,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

CRANE, P. J. A. D.

In November 1977 defendant entered a plea of guilty to three counts of an indictment charging that on three separate occasions he entered a high school building with the intent of disrupting classes or otherwise interfering with the peace and good order of the school, contrary to the provisions of *N.J.S.A.* 2A:149A–2. In accordance with a plea bargain he was sentenced to an indeterminate term at the Youth Reception Center at Yardville on each of the three counts, to run concurrently. He was also sentenced to a term of six months in the Monmouth County Correctional Institution on a separate disorderly person complaint. The sentences were suspended and defendant was placed on probation for a period of two years and ordered to pay a fine of $100 and $14 costs of court.

Subsequently, defendant was charged with violating the terms of probation in that he was found guilty of assault with intent to rob and robbery, and that he failed to report as

directed. At the charge of violating probation defendant pleaded guilty. The sentencing judge revoked defendant's probation and imposed the original sentences which had been suspended.

■ On this appeal defendant contends that *N.J.S.A.* 2A:149A–2 has been repealed by the adoption of the New Jersey Code of Criminal Justice, *N.J.S.A.* 2C:1–1 *et seq.* He specifically relies on *N.J.S.A.* 2C:98–2 and urges that the prosecution should be dismissed pursuant to the provisions of *N.J.S.A.* 2C:1–1(c)(3). We agree that *N.J.S.A.* 2A:149A–2 has been repealed by *N.J. S.A.* 2C:98–2. But the effect of the repealer is another matter. It may well be, as the State contends, that the conduct previously proscribed by *N.J.S.A.* 2A:149A–2 is now encompassed by the provisions of *N.J.S.A.* 2C:18–3 relating to criminal trespass. However, it is not necessary for us to decide that issue since in our view the cause is not presently a "case pending" within the meaning of the Code.

In its pertinent parts, *N.J.S.A.* 2C:1–1 provides as follows:

.   .   .   .   .   .   .   .

b. Except as provided in subsections c. and d. of this section, the code does not apply to offenses committed prior to its effective date and prosecutions and dispositions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this code were not in force. For the purposes of this section, an offense was committed after the effective date of the code if any of the elements of the offenses occurred subsequent thereto.

c. In any case pending on or initiated after the effective date of the code involving an offense committed prior to such date:

(1) The procedural provisions of the code shall govern, insofar as they are justly applicable and their application does not introduce confusion or delay;

(2) The court, with the consent of the defendant, may impose sentence under the provisions of the code applicable to the offense and the offender.

(3) The court shall, if the offense committed is no longer an offense under the provisions of the code, dismiss such prosecution.

Defendant argues, citing a number of out-of-state decisions, that the term "case pending" includes a case which is on appeal after the entry of a final judgment. The argument admittedly has some surface appeal. However, we are charged with the duty of construing the provisions of the Code "according to the fair import of their terms." *N.J.S.A.* 2C:1-2(c).

The concept defendant espouses is contrary to the internal sense of the Code provisions, as well as the general statutory and decisional law of our State.

In a closely parallel situation involving the amendment of *N.J.S.A.* 39:4–50 *et seq.*, we held that the term "case pending" as it appeared in *L.*1977, *c.* 29, § 7, did not pertain to a case in which a final judgment of conviction had been entered even though the case was on appeal in this court. *State v. Duswalt*, 153 *N.J.Super.* 399, 405 (App.Div.1977). Moreover, we note that the Legislature has specifically provided in *N.J.S.A.* 2C:98–1 that the provisions of *N.J.S.A.* 1:1–15 relating to the survival of repealed criminal statutes are applicable to the Code. In essence, *N.J.S.A.* 1:1–15 provides that the repeal or alteration of any statute under which an offense was committed does not bar an indictment and prosecution for such an offense unless expressly so declared in the act by which the repeal or alteration is effected. *State v. Low*, 18 *N.J.* 179, 187–188 (1955). We have held that where the alleged crime and the indictment both antedated a change in the criminal statute, a prosecution would not be barred in the absence of express language in the amending statute. *State v. Baechlor*, 52 *N.J.Super.* 378, 396 (App.Div. 1958). Thus, if it were not for the language of *N.J.S.A.* 2C:1–1(c), an offense committed in violation of a statute in effect prior to the adoption of the Code would not be barred even if it were no longer an offense under the Code.

It is also significant that the Legislature chose in *N.J. S.A.* 2C:1–1(c)(3) to provide for the dismissal of the "prosecu-

tion" if the offense previously committed is no longer an offense under the Code. The general understanding of the term "prosecution" is that it is a proceeding before a tribunal for the purpose of determining the guilt or innocence of a person charged with a crime. *Black's Law Dictionary* (5 ed. 1979). Certainly, if the Legislature had envisioned the dismissal of an indictment during the pendency of an appeal, it would not have chosen language which refers to the process leading to a judgment of conviction. We conclude, therefore, that the term "case pending" as it appears in *N.J.S.A.* 2C:1–1(c) refers to proceedings taking place before the entry of the judgment of conviction but not during the pendency of an appeal or other post-conviction proceeding.

Defendant also contends that the imposition of $14 in costs was illegal. The record indicates that the judgment of conviction was entered on November 23, 1977. No appeal from that judgment was taken, consequently the issue is not properly before us.

Defendant further contends that the sentence is an abuse of discretion and is manifestly excessive. We have carefully reviewed the record and have considered the circumstances of the offenses as well as defendant's argument and have concluded that defendant has not made a clear showing of an abuse of discretion. *State v. Whitaker*, 79 *N.J.* 503 (1979).

Judgment affirmed.