229 N.J. Super. 342 (1988)
551 A.2d 560
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL A. BRENNAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1988.
Decided December 21, 1988.
*343 Before Judges SHEBELL, GRUCCIO and LANDAU.
Richard R. Uslan argued the cause for appellant (Richard R. Uslan and Jeffrey H. Katz, of counsel; Richard R. Uslan, on the letter-brief).
Mark P. Stalford, Assistant Prosecutor, argued the cause for respondent (John Kaye, Monmouth County Prosecutor, attorney; Mark P. Stalford, of counsel and on the letter brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Defendant Michael Brennan appeals the denial of his motion to dismiss a motor vehicle complaint filed against him in the Belmar Municipal Court.
Following his arrest on July 18, 1987, defendant was served with a summons for a violation of N.J.S.A. 39:4-50, driving while intoxicated. Neither the complaint nor summons were *344 signed at the time the summons was served on defendant, although the summons did state the badge number of the issuing police officer. The summons stated on its face that the officer "will file a complaint in this court charging you with the offense set forth above."
Defendant moved to dismiss the criminal complaint based on lack of jurisdiction. His motion was heard in the municipal court on October 15, 1987, apparently following an adjournment of the initial return date on the summons of July 30, 1987. The municipal court judge held that the lack of signature was "not a fatal defect to the process and the pleading" and denied defendant's motion. The defendant then entered a conditional plea of guilty to the charge, with the stipulation that he could preserve for appeal any issues relating to the adequacy of service of process and jurisdiction. Defendant was sentenced, but his sentence was stayed pending appeal.
Defendant appealed to the Law Division and was heard on oral argument and the record below. By letter opinion dated March 2, 1988, the Law Division affirmed the municipal court ruling. The Law Division in affirming the municipal court's decision relied on R. 7:3-1(b) and stated:
No one will deny that a summons should be signed, made and issued, but after a reading of the rules, the cases, and considering the facts and circumstances of this case, particularly where the defendant was personally served with the summons while at headquarters, this Court is convinced that defendant was properly issued and/or served with process. Thus, the summons is not fatally flawed, and it could have been and was properly corrected prior to or during the trial of the matter.

R. 7:3-1(b) states, in relevant part,
[i]f the Administrative Director of the Courts has, pursuant to R. 1:32-3, prescribed the form of complaint and summons for non-indictable offenses, a law enforcement officer may make, sign and issue such complaint and summons, serving the summons upon the defendant and thereafter, without unnecessary delay, filing the complaint with the court named therein. .. . [Emphasis supplied].
The arresting officer used a four-part form approved by the Administrative Director of the Courts in issuing defendant the summons in question. Although prosecution for drunken *345 driving is considered quasi-criminal in nature, drunken driving offenses are not "crimes." State v. Roth, 154 N.J. Super. 363, 366 (App.Div. 1977). Clearly, R. 7:3-1 is applicable to the present offense. See R. 7:6-1(b). Because the offense relates to the operation and use of a motor vehicle within the intendment of R. 7:6-1, the complaint need not be sworn to before a judge or court clerk.
Defendant contends that the municipal court had no jurisdiction over him as the summons with which he was served was unsigned and, therefore he concludes, invalid. The State claims that the signature of the issuing officer is not required for the summons to be valid.
The interpretation of the trial court that "may," as used in R. 7:3-1, makes signing of the summons permissive and not imperative brings about the result that as a regular course of action, the making and issuance of a summons and complaint would be possible without either being signed under the four-part form system approved by the Administrative Office of the Courts, where the signature on the original complaint imprints on all four forms including the summons. It is unreasonable to conclude this was an intended reading of the word "may."
It is evident that the word "may" in that provision is meant to make available an alternate method of initiating process. An officer may "make, sign and issue such complaint and summons, serving the summons upon the defendant and thereafter, without unnecessary delay, filing the complaint with the court named therein ...," R. 7:3-1, in lieu of the issuance of an arrest warrant upon a complaint, pursuant to R. 3:3-1. Where use of the complaint and summons form is discretionary, if the form is used, it is to be made, signed and issued even though under R. 7:3-1(b) the officer was permitted to issue an unsworn summons.
The State concedes, and it is fundamental, that a complaint must be signed for there to be valid filing of the complaint before the statute of limitations has expired. A traffic complaint *346 is only valid when the person making the charge has certified on the approved complaint form that
[t]he undersigned further states that he has just and reasonable grounds to believe and does believe that the person named above committed the offense(s) herein set forth contrary to law.
Even if R. 7:3-1 is read as not requiring the officer's signature, such signature is required pursuant to R. 7:6-1. This rule provides, in relevant part,
(a) Form. In cases involving violations of statutes or ordinances relating to the operation or use of motor vehicles, hereinafter designated as "traffic offenses," the complaint and summons shall be a uniform traffic ticket in the form prescribed by the Administrative Director of the Courts....
(b) Issuance. The complaint may be made and signed by a law enforcement officer, or by any other person, but the summons shall be signed and issued only by such officer, or the judge, clerk or deputy clerk of the court in which the complaint is, or is to be filed. R. 7:3 relating to warrants and summons in respect of nonindictable offenses generally, shall be applicable to cases involving a traffic offense, except as otherwise herein provided. [Emphasis supplied].
There is no evidence of an intent to utilize the word "shall" in a permissive, non-imperative manner. See Harvey v. Essex County Board of Freeholders, 30 N.J. 381 (1959). The rule clearly requires that the summons be signed and issued by a law enforcement officer, or judge, clerk or deputy clerk.
R. 7:6-1 specifically states that R. 7:3 applies to traffic offenses, "except as otherwise herein provided." Even if the "may" in 7:3-1 were interpreted to be permissive, the specific language of 7:6-1 compels the conclusion that the "shall" language of 7:6-1 must override it.
We must therefore determine whether the lack of the issuing officer's required signature renders void the summons issued to defendant. The State cites R. 1:1-2 to support its contention that the absence of the officer's signature does not render the summons invalid. R. 1:1-2 states:
The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is *347 pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes.
Our Supreme Court has stated, "[t]ruth and justice are inseparable. A deliberately false judgment debases the judicial process, and no less so because the false judgment is an acquittal." State v. Bisaccia, 58 N.J. 586, 589 (1971).
In State v. Vreeland, 53 N.J. Super. 169 (App.Div. 1958), we held that a municipal court had jurisdiction over a defendant for driving while intoxicated even though the complaint failed to name the municipality. We stated the defect was a "technical omission in a complaint of the recital of a jurisdictional fact the absence of which has not harmed the defendant." Id. at 173. The applicable court rule required that "in traffic cases the complaint shall be in conformance with Form 12, which includes a requirement for designation of the `location' of the place of commission of the offense." Id. at 172.
Just as a court's jurisdiction over subject matter will not be defeated by the technical insufficiency of a complaint in pleading the facts which substantively operate to invoke that jurisdiction, Abbott v. Beth Israel Cemetery Association, 13 N.J. 528, 537 (Sup.Ct. 1953), so should it not be defeated by a technical insufficiency in pleading such a jurisdictional fact as is here involved where the record shows that the fact exists. In the enlightened concepts which are entertained today in respect to the subordination of form to substance, the fact of jurisdiction should be controlling. A reversal of this conviction on the ground here urged would seem to us, in the language of Mr. Justice Heher, dissenting, in Grosky v. McGovern, 133 N.J.L. 277, 283 (Sup.Ct. 1945), to "exalts technical and literal strictness to the sacrifice of essential justice." See also State v. Lefante, 12 N.J. 505, 510 (1953). The defendant was not prejudiced in the slightest degree in his defense on the merits of the charge by the defect he asserts here. Cf. State v. Smith, 6 N.J. Super. 85, 89 (App.Div. 1949). [Id. at 173-74; emphasis in original].
We are convinced that the failure of the issuing police officer to sign the summons in these circumstances is a "technical omission" as described in State v. Vreeland, even though we recognize that Vreeland dealt with a complaint rather than a summons. State v. LaTorre, 228 N.J. Super. 314 (App.Div. 1988). It is not disputed that the summons was issued and immediately served upon defendant by the investigating officer *348 who had authority to do so, and not by an outside party. Cf. State v. Ross, 189 N.J. Super. 67 (App.Div. 1983).
It is clear that defendant's due process rights were not violated by the issuance of a summons without the issuing officer's signature, as defendant was fully appraised as to all necessary information concerning the charge and his required appearance to face the allegation.
At the outset it should be noted that in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), Justice Jackson spelled out the only constitutional requirements of service of process. He stated for the Court:
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."
[O'Connor v. Abraham Altus, 67 N.J. 106, 126 (1975); see also Edward Hansen, Inc. v. Kearny Post Office Assocs., 166 N.J. Super. 161, 169 (Ch.Div. 1979)].
The summons and complaint defendant received were reasonably calculated to apprise him of the action against him and did afford him an opportunity to present his objections. The absence of the issuing officer's signature on the summons in no way affected the constitutional requirements of service of process in this case. Defendant's due process rights were thus not violated by the issuance of an unsigned summons. Cf. State v. Salzman, 228 N.J. Super. 109 (App.Div. 1987), certif. den. 110 N.J. 314 (1988).
While the State concedes that the officer's failure to sign the complaint is not merely a "technical omission," it asserts that the issuing officer corrected the defect by signing the complaint sometime after it was issued. The record, however, does not reflect when the officer's signature was added.
N.J.S.A. 39:5-3, which, in effect, is in the nature of a statute of limitations, provides in relevant part,
[w]hen a person has violated a provision of this subtitle, the judge may, within 30 days after the commission of the offense, issue process directed to a constable, police officer, or the director for the appearance or arrest of the person so charged.
*349 See State v. Wallace, 201 N.J. Super. 608 (Law Div. 1985) and State v. Celmer, 143 N.J. Super. 371, 377 (Cty.Ct. 1976), rev'd 157 N.J. Super. 242 (App.Div. 1978), rev'd 80 N.J. 405, 419, cert. den. 444 U.S. 951, 100 S.Ct. 424, 62 L.Ed.2d 321 (1979). We hold that failure to sign the complaint within 30 days, and thereby certify that there are reasonable grounds to believe the offense has been committed by the defendant, would be a fatal defect within the intendment of N.J.S.A. 39:5-3. The process or summons issued ought not be sustained without a timely complaint as its basis.
We therefore remand to the Law Division for further findings. If it is demonstrated on remand that more than 30 days had passed since commission of the offense when the complaint was signed by the officer, the complaint must be dismissed and defendant's conviction reversed. If the complaint was signed within the statutory period, defendant's conviction and sentence must be affirmed.