718 A.2d 717 (1998)
315 N.J. Super. 376
STATE of New Jersey, Plaintiff-Respondent
v.
Casimir V. RYFA, Defendant-Appellant.
Superior Court of New Jersey, Law Division, Essex County.
Argued February 27, 1998.
Decided May 5, 1998.
*718 James E. Trabilsy, Woodbridge, for defendant-appellant (Wilentz, Goldman and Spitzer, attorneys).
Rutherford H. Livengood, Assistant Prosecutor, for plaintiff-respondent (Patricia Hurt, Essex County Prosecutor).
WEISSBARD, J.S.C.
Does a municipal court, upon a finding that an offense made returnable in that court actually took place in another town, have jurisdiction and authority to amend a motor vehicle complaint to recite the correct place of the offense and to transfer the case to the municipal court where jurisdiction properly lies? The issue does not appear to have been previously addressed by our courts but is raised precisely in this otherwise routine motor vehicle case.
Defendant, Casimir Ryfa has filed an interlocutory appeal from an order of the West Orange Municipal Court denying his motion to dismiss charges of driving while intoxicated and refusal to submit to a breathalyzer test, in violation of N.J.S.A. 39:4-50 and 50.2 respectively, and thereupon transferring his case to the East Orange Municipal Court and amending the summons to reflect East Orange as the locus of the incident.
Defendant seeks interlocutory review pursuant to R. 3:24(a). Given the significance of the issues, the court has granted leave to appeal.
In the early morning hours of April 3, 1997 State Police Trooper Gacina saw defendant stopped in his vehicle on the shoulder of Route 280. As a result of his conversation with Mr. Ryfa, he issued defendant a summons for operating his vehicle on Route 280 while intoxicated. The summons designated the place of the offense as West Orange. A summons for refusal to submit to a breathalyzer test was also issued, with the place of that offense also indicated as West Orange.[1]
On July 9, a hearing took place in West Orange Municipal Court on defendant's motion to dismiss the DWI summons. Defense counsel indicated that he was prepared to prove, through the testimony of the tow truck operator who removed defendant's vehicle from the highway, that the stop had occurred in East Orange, rather than West Orange. Since the Trooper was unable to recall with any certainty the specific milepost on the highway at which he had issued the summons, the municipal prosecutor conceded that the offense had taken place in East Orange.[2] Consequently, defendant moved to dismiss the summons, arguing that such a dismissal was the only action the West Orange Municipal Court was empowered to take. However, the municipal judge rejected that contention and, recognizing that West Orange had no jurisdiction, ordered the summons amended to reflect East Orange as the locus of the offense and ordered the case transferred to East Orange. Accordingly, defendant's motion to dismiss was denied.
*719 To sustain the municipal court's action it is necessary to hold both that the court had power to amend the complaint and to subsequently transfer it to East Orange. Defendant argues that the court had power to do neither. This court, however, finds that the municipal judge acted properly in both respects. Indeed, to find otherwise would return our jurisprudence to a now discredited age in which procedural forms were exalted over substance.
Although the municipal courts have limited territorial jurisdiction, N.J.S.A. 2B:12-6, they are not thereby bereft of power to act in circumstances such as are presented here. R. 1:13-4(a), made applicable to municipal courts by R. 1:1-1, provides in pertinent part as follows:
Subject to the right to be prosecuted by indictment, if any court is without jurisdiction of the subject matter of an action ... it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court, or administrative agency, if any, in the State. The action shall then be proceeded upon as if it had been originally commenced in that court or agency.
State v. Duswalt, 153 N.J.Super. 399, 403, 379 A.2d 1278 (App.Div.1977), held that the reference to "subject matter" jurisdiction in R. 1:13-4(a) was "comprehensive enough to include absence of territorial jurisdiction." The court reasoned, in words equally applicable here, that "[o]bviously the salutary object of preventing the miscarriage of an action or proceeding because [it is] instituted in the wrong court is as applicable where the jurisdictional defect is lack of territorial jurisdiction as in the case of any other kind of subject matter deficiency." Ibid.
Recognizing the force of the Duswalt decision, defendant seeks to limit the case to its rather peculiar facts. There the offense took place in Eagleswood, which had no municipal court at the time. As a result, the summons was made returnable in Tuckerton. For reasons not explained in the opinion, the Tuckerton court apparently had no jurisdiction to hear motor vehicle complaints. Accordingly, the case was again transferred to Little Egg Harbor, which adjoined Eagleswood and had jurisdiction over offenses occurring in Eagleswood. However, before the case could be heard in Little Egg Harbor, a municipal court was established in Eagleswood and the case was transferred there, where defendant was ultimately convicted.
Defendant argues that Duswalt has no force here since the parties there had not contested that the violation, as recited in the summons, took place in the municipality to which the matter was ultimately transferred, whereas in this case, the summons miscited the location of the offense. But the parties to this appeal have conceded that the offense took place in East Orange, the court to which the matter is being transferred. Thus, the only remaining basis upon which to distinguish Duswalt is that in this case the summons erroneously cited the place of the offense. However, for reasons which follow, the West Orange Municipal Court also had broad power to amend the summons to reflect the undisputed locale of the offense.
R. 7:10-2, which provides that a municipal court "may amend any process or pleading for any omission or defect therein ... but no such amendment shall be permitted which charges a different substantive offense ...," is quite similar to R. 3:7-4, dealing with amendments to indictments or accusations charging indictable offenses. On its face, the rule clearly supports the amendment at issue here.
In State v. Vreeland, 53 N.J.Super. 169, 147 A.2d 49 (App.Div.1958), a complaint for driving while intoxicated failed to set forth the town in which the offense was said to have occurred. After conviction the defendant appealed, claiming that the court had no jurisdiction because of the omission of the locale from the summons. Id. at 171, 147 A.2d 49. While conceding the general rule "that a complaint before a court of limited territorial jurisdiction must contain a recital of the facts supporting jurisdiction, including the fact of commission of the offense within the territory to which the court's jurisdiction extends," the court went on to note that the designation of the location of the place of commission of the offense "would seem more designed to apprise the defendant and the *720 trial court of a fact relevant to the merits of any controversy concerning the substance of the offense than a requirement intended to be basic to the court's jurisdiction." Id. at 172, 147 A.2d 49. Finding no prejudice to the defendant, the court affirmed the conviction. Id. at 172-173, 147 A.2d 49.
In doing so, however, two observations were made which apply with equal force here. First, the Appellate Division stated that the municipal court judge, or even the Superior Court on de novo review, should have "amended the complaint to state the place of commission or the offense." Vreeland, supra., at 173, 147 A.2d 49. Second, the court took note of the "enlightened concepts which are entertained today in respect to the subordination of form to substance". Ibid. It is the fact of jurisdiction, the court held, that should be controlling. Ibid.
Here, as in Vreeland, the parties agree that the East Orange Municipal Court would have jurisdiction over this offense if the summons had recited East Orange as the locus of the offense rather than erroneously designating West Orange. But given the conceded facts, and the court's power to amend as set forth in R. 7:10-2, any meaningful distinction between Vreeland and this case blurs and disappears. See also State v. Latorre, 228 N.J.Super. 314, 549 A.2d 871 (App.Div.1988) (omission of signature of officer on motor vehicle summons did not prejudice defendant or deprive him of "fundamental fairness," where defendant "received ample and fair notice of the nature of the charge against him and obviously was aware of when and where it was alleged that the violation had occurred"); State v. Brennan, 229 N.J.Super. 342, 551 A.2d 560 (App.Div.1988) (defendant's due process rights not violated by issuance of unsigned summons).
As the court commented in State v. Henry, 56 N.J.Super. 1, 9-10, 151 A.2d 412 (App.Div.1959), the "requirement that a complaint set out with sufficient particularity and certainty the time, place and nature of the alleged offense, serves two purposes[;]" the first purpose "is to enable a defendant to defend against the charge on the merits," while the second is to ensure protection from being subsequently placed in jeopardy for the same offense.
As in Henry, which also dealt with a motor vehicle summons for driving while intoxicated, both protections are in place here. Mr. Ryfa knows precisely that which he is called upon to defend. The nature of the offense charged and the date of its occurrence were clearly spelled out on the initial summons. There is nothing in the fact of where the incident took place, whether East Orange or West Orange, that will in any way prejudice his defense on the merits. He will now know, well in advance of trial, that he is to be tried in East Orange. Indeed, as we have noted, it was he who came forward with the proof that the incident took place in East Orange.
For the very same reason, there is no danger at all that his protection against double jeopardy might be violated. The offense has been clearly pinpointed as to the statutory violation charged, the date and (as amended) the place where it took place. No more is required.
Finally, as the court observed in Henry, criminal cases are no longer determined "on the technicalities that so often characterized such proceedings at common law and which... tended to bring the law and the administration of justice into disrepute." Henry, supra., at 10, 151 A.2d 412. In motor vehicle cases, as in more serious criminal cases, our courts "will not exalt technical and literal strictness to the sacrifice of essential justice." Id. at 11, 151 A.2d 412. To uphold defendant's claim, this court would have to be prepared, in Chief Judge (later Justice) Cardozo's now famous words, to see the criminal "go free because the constable has blundered." People v. Defore, 242 N.Y. 13, 150 N.E. 585, 587 (1926). While such a result may indeed be compelled when fundamental constitutional rights are at stake, it is neither required nor appropriate in this case. Existing court rules, applied with common sense, illuminated by existing precedent, provide ample authority for the action of the West Orange Municipal Court challenged here.
*721 The several rulings of the Municipal Court are affirmed.
NOTES
[1] Defendant also challenged the locus of the refusal offense, claiming that it should have been placed in Totowa, the location of the State Police barracks to which defendant was removed for administration of the breathalyzer test and where he refused to submit. That argument was not resolved in West Orange Municipal Court and is not before this court on appeal.
[2] Although the municipal court referred to the prosecutor's position as a stipulation, the prosecutor ultimately made this statement: "I'm not stipulating that he was in East Orange. I'm stipulating that his proofs are better, to put it simply, than the trooper's recollection as to the exact milepost. So basically, it's more a concession of the issue than a stipulation."

This court is hard pressed to draw the distinction that the prosecutor sought to make. What seems clear, at least for purposes of the present appeal, is that both the State and the defendant have agreed that the stop and alleged drunk driving offense took place in East Orange. Of course, at any subsequent trial the State will have to establish that the offense did occur in East Orange.